COMPTON *vs.* WOOLFOLK.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

In a redhibitory action where the plaintiff in his petition, in order to prove the warranty of the slave, relies on a sale passed on a particular day, and identifies it by referring to it as annexed to an answer in a particular case

in the same court, *held* that by the introduction in evidence of the act of sale, the defendant could not complain of surprise, although by the petition he alleges the payment to have been made by an endorsed note, and the act of sale shows it to have been made in cash.

In such a case the judgment rendered could be pleaded in bar to a subsequent action for the same cause.

This was a redhibitory action to recover the value of a slave who had died soon after the sale. The petition states that Peleg B. Phelps, executed to the petitioner his promissory note for the sum of six hundred dollars, payable six months after date, which promissory note, afterwards endorsed to the petitioner, was given to John Woolfolk, on the same day for a negro woman named Fanny, aged twenty years and her child, to be conveyed by the petitioner to Richard J. Woolfolk, the broker of the said John Woolfolk. That the said negro woman was warranted free from the vices and maladies prescribed by law, as will fully appear by reference to the bill of sale of said negro, passed on the same day of the 13th December, 1831, and appended to the answer of the petitioner and Peleg B. Phelps to the petition of Mathew D. Cooper against them, in this court, in the suit of No. of the court docket. That the said negro woman was, at the time of the passage of the bill of sale, afflicted with a disease of which she afterwards died. That though the said negro woman was passed to the petitioner by Richard J. Woolfolk, the said John Woolfolk was the owner of said negress, received the money which was paid for her, warranted her free from all the redhibitory defects and diseases mentioned by law.

To these allegations the general issue was pleaded. At the trial the plaintiff took bills of exceptions to the following decisions of the judge *a quo.* The court refused to admit under the pleadings, an act of sale of the negro, because it stated the sale to have been made for cash. It then refused to receive parol testimony of the sale. It also refused the plaintiff a non-suit for which he applied, and to which the defendant's counsel objected.

It was proved by a physician that the negro died subsequent to the time of the alleged sale, and of a disease with which she had a long time been afflicted.

The defendant had a verdict and judgment, and on the plaintiff's application, a new trial was granted.

On the second trial the same document was offered; the same objection to it taken, and the same decision given, to which a second bill of exceptions was taken. The defendant again had a verdict and judgment, and his opponent appealed.

*M'Caleb* and *Gray*, for plaintiff and appellant, relied on the following points and authorities.

1. The bill of sale ought to have been permitted to have gone to the jury, and the bill of exceptions thereupon is correct and ought to be sustained, because the Supreme Court has decided in 6 *Mart. N. S.* 127 and 7 *Mart. N. S.* 228, 6, that there can be no variation between the instrument declared on the petition when the former is made part of the latter by express declaration or by explicit reference. It is true that the bill of sale it not annexed to the petition, and it was only because it was *annexed* to the answer of the plaintiff in this case to an action brought against him by another person, Woolfolk, upon the promissory note alluded to in the petition as the purchase money of the slaves in controversy, and consequently is not made part of the petition by *express declaration*, but it is referred to explicitly and pointedly as the foundation of the present action, and moreover as annexed to the answer of the plaintiff in the case above alluded to. The court is asked to consider it for greater accuracy, and as containing a more full and ample explanation of some facts stated in the petition. Thus the case is brought under the reasons laid down by the court in the case of *Ditto* vs. *Barton*, 6 *N. S.* 128, as governing all cases where the point of variation between petition and instrument sued upon, arises "When there can be no surprise, and when the *res judicata* may be pleaded to another action on the same allegation, the defendant says

EASTERN DIS.
March, 1834.

COMPTON
vs.
WOOLFOLK.

the court can have no ground to complain of a variation." Here there could have been no surprise, because the defendant and court is expressly referred to bill of sale, and *res judicata* could certainly be pleaded to another action on the bill of sale, because we should be *estopped* by our petition by denying that the cause of action was the same.     As to *res judicata*, see 11 *Mar*. 481.    9 *Mar*. 727.

2. Non-suit is the right of the plaintiff any time before verdict.    8 *Mart. N. S.* 115.    *Stevens on Pleading*, note '*m.*' 312.    3 *Black. Com.* 376.    12 *Mar*. 31.    Id. 7 *Mar*. 567.

*Hennen contra.*

BULLARD, J., delivered the opinion of the court.

This case comes before us on a bill of exceptions.    The plaintiff in his petition represents that a certain note drawn by one Phelps and endorsed to the plaintiff, by him was given in payment for a slave which was to be conveyed and was conveyed on a particular day to him by the agent of the defendant.    The act of sale is referred to in the petition by its date, the name of the slave sold, the name of the vendors, and the price, and as annexed to the answer in another case in the same court.    The object of the suit is to recover back the price on the ground of a redhibitory vice.    On the trial the plaintiff offered in evidence the act of sale.    It was objected to on the ground "that the bill of sale averring the sale to have been made for ready money, and the petition for a promissory note, there was a contradiction between the two, and the bill of sale could not be introduced."    To this objection the court assented, and the bill of exceptions was tendered.    This bill of exceptions was taken on the first trial, but the court having granted a new trial, the same evidence was offered on the second trial, and the same objection made and sustained. A new bill of exceptions was signed, in which the judge adds the further ground, "that there must be some point to the latitude allowed in such cases."    And that on the for-

mer trial, the court intimated that the plaintiff ought to amend his petition in such manner as to correspond with his evidence. There was a verdict and judgment against the plaintiff and he appealed.

In the case of *Ditto* vs. *Barton*, this court held that when there could be no surprise and when *res judicata*, may be pleaded to another action on the same allegation, the defendant could have no ground to complain of a variance. 6 *Martin N. S.* 128.

In the case before the court the party could not reasonably complain of surprise. He was informed by the petition, that the plaintiff to prove the warranty of the slave, relied on a sale passed on a particular day and identified it by referring to it as annexed to an answer in a particular case in the same court. He was dictinctly notified that the plaintiff held him liable in warranty of the slave Fanny, according to the deed of the 13th of December, 1831.

If he could have no reason to complain of surprise, had he any to apprehend that the judgment to be rendered in this case, would not be a bar to any subsequent action for the same cause? The suit was instituted to annul the sale of the slave Fanny, sold on the 13th December, 1831, and warranted free from redhibitory vices, and to recover back the price paid. There appears to be no dispute in relation to the price. It seems that the vendor acknowledged in the deed, that the price had been paid in ready money, and the plaintiff alleges that it had been paid before the conveyance in an endorsed note. But the gist of the action was the sale, the warranty, and the redhibitory vice of the slave. If the judgment rendered below were to stand, we should not hesitate to say, that it would be a complete bar to a subsequent action for the same cause.

In the case of *Laferriere* vs. *Sanglier*, which was one of redhibition, the deed expressed the price to be one thousand five hundred dollars in hand, paid in *his note* of hand; evidence was admitted to prove that two notes were given of seven hundred and fifty dollars each. This was held not to be such a variance as to exclude either the notes or the

*In a redhibitory action when the plaintiff in his petition in order to prove the warranty of the slave, relies on a sale passed on a particular day and identified it by referring to it as annexed to on answer in a particular case in the same court, held that by the introduction in evidence of the act of sale, the defendant could not complain of surprise, althoug by the petition he alleges the payment to have been made by an endorsed note, and the act of sale shows it to have been made in cash.*

*In such a case the judgment rendered could be pleaded in bar to a subsequent action for the same cause.*

deed. In that case the redhibition was set up in defence of suits brought on the notes. 12 *Martin*, 399.

EASTERN DIS.
*March*, 1834.

We consider the rule adopted in the case, first alluded to a safe and reasonable one, and sufficiently rigid to guard parties against surprise, and to protect them against being again sued for the same thing. In our opinion therefore, the deed ought to have gone to the jury.

It is therefore ordered, adjudged, and decreed, that the judgment of the District Court be annulled, avoided, and reversed, and that the case be remanded to the District Court with directions to admit the deed in evidence, notwithstanding the objection mentioned in the bill of exceptions, and that the appellee pay the costs of the appeal.