## CLARKE *v.* SCOTT et al.

In an action for damages against the sureties in a sequestration bond, the fact that judgment was rendered for the defendant in the suit in which the sequestration was taken out, will not alone be noticed; the reasons given for the judgment will be considered, and where they show that judgment was affirmed in favor of the defendant on the ground that courts of justice should not lend their aid to either party to enforce a contract entered into for purposes reprobated by law, nominal damages only will be given.

APPEAL from the District Court of Ouachita, *Selby*, J.  *McGuire* and *Ray*, for the plaintiff.  *Purvis*, for the appellant.  The judgment of the court was pronounced by

EUSTIS, C. J.  This suit is instituted by *Clarke*, who was the defendant in the case *W. H. Puckett and wife* v. *Clarke*, reported in 3 Robinson, 81, on a sequestration bond given by the plaintiffs in that suit in his favor and for his benefit, judgment having been rendered for the defendant and affirmed on the appeal.  The suit of *Puckett and wife* was for the recovery of eight slaves and two horses, which were held in sequestration during its pendency; and the present action is for damages, the details of which are stated in the petition, for which the sureties in the sequestration bond are alleged to be responsible in consequence of the breach of the condition, that is for those sustained by the defendant in case the sequestration should have been wrongfully obtained.  The case was submitted to a jury, who found a verdict for the plaintiffs for $700; a remittitur of $150 was entered by the plaintiff, and the defendant *Copley* has appealed.

It is contended by the counsel for the plaintiff that the decision of the case of *Puckett and wife* v. *Clarke*, is conclusive as to the rights of the parties, and necessarily renders the plaintiffs liable to the defendant, for the actual damage sustained by him by reason of the unlawful caption and detention of his slaves and horses under the writ of sequestration.  In determining on the claim of the plaintiff, it is impossible for us to see nothing else but the text of the decree of the Supreme Court itself; we must examine and consider the reasons on which it was founded, and which the court felt itself bound to give as exponents of their opinion under the evidence of the rights of the parties.  We do not find the property to have been considered to belong, in good conscience, to the defendant; such is not the basis of the decision.  Let it speak for itself.  The reasons given may not be conclusive and binding on us as facts, but they are given, under a provision of the constitution, by the court in the last resort, and cannot be overlooked.

The opinion given in that case by the Supreme Court is as follows, *Bullard*, judge, delivering it:

"The plaintiffs assert title to eight slaves, which they allege are in the possession of the defendant, and that he obtained them, together with two horses, illegally and fraudulently, and under false pretences and promises made to the plaintiffs to preserve them for their benefit, and to restore them when required.  The defendant, in his answer, avers that he has a just title to the slaves, and that this action is brought in fraud to deprive him of his just rights.  This case was submitted to a jury, whose verdict was for the defendant, and the plaintiffs have appealed.

CLARKE
v.
SCOTT.

"It appears that the wife, one of the plaintiffs, inherited the slaves in the State of Mississippi, and that they became the property of the husband on their marriage, according to the laws of that State, and were afterwards sold under execution to satisfy a judgment against the husband, and bought in by the defendant, who left them in the hands of the plaintiffs until sometime afterwards, when they were delivered to the defendant, to prevent their being seized by other creditors of the husband. The sheriff's sale was probably not a real one, according to the evidence in the record, and no conveyance was made, but the slaves were left in the plaintiffs' possession. The defendant was, however, afterwards put in possession for purposes reprobated by law, that is to say, for the purpose of enabling him to set up his title under the first sheriff's sale, and thus hold himself out to the world as the owner, and defeat the pursuits of other creditors of the husband. The present action is brought, substantially, to obtain relief against that agreement, and to cause the defendant to restore the property, since the danger has passed away. Under these circumstances, our first enquiry should be, whether the case be one in which a court of justice ought to interfere, or whether it be not of that class of cases in which the maxims, *Ex turpi causa non oritur actio*, and *In pari delicto potior est conditio possidentis*, apply.

"In the case of *Gravier's Curator* v. *Carraby's Executor*, 17 La. 118, we stated explicitly the principles by which we consider ourselves bound to be governed in questions of this sort. It is not easy to distinguish the present case from that. In the case now before us, if the sheriff's sale was not a sham one, it vested the title in the defendant; and if it was, then there was collusion for the fraudulent purpose of covering the property; and the subsequent shifting of the same property back and forth, was in furtherance of the same design. Such contracts and transactions are illegal, and the parties will not be listened to, when they invoke the aid of the court to enforce them against each other."

From an examination of the evidence we have come to the same conclusions, as to the situation in which the parties have placed themselves in relation to this property, and concur fully in the view taken by the judge who gave the opinion on the duties of courts in similar cases. The plaintiff, *Clarke*, has the possession of the property, and as the case stands the judgment is to him a title. But we cannot recognise his claim for the damages claimed against the defendant, who may still be the owner in good conscience, by reason of his action in a court of justice to obtain by lawful means *property to* which there was no adverse title to his, acquired by the present plaintiff, until the final judgment in the case. *Vide Stetson* v. *LeBlanc*, 6 La. Rep. 272. We can allow only nominal damages.

It is therefore ordered that the judgment appealed from be annulled and reversed, and that judgment be entered for the plaintiff, against the defendants, for $10, *in solido*, with costs in the court below; the plaintiff and appellee paying the costs of this appeal.