## UNION BANK OF LOUISIANA *v.* MARIN.

Decrees rendered by consent of parties, decide nothing; they merely authenticate private agreements, and render them executory between the parties. Their effect as to third persons, is that of a transaction made in an authentic form.

A decree rendered by consent in a proceeding in which a father and his children are parties, by which a mortgage is created on the property of the former, after an execution issued against him at the suit of a third person had been returned "*nulla bona*," and his insolvency at the time thereby ascertained, cannot affect the rights of the creditor.

The separate creditors of a husband, when alleging neither fraud nor simulation, can exercise no greater rights than he could; and they are bound to show, as he would be, in a contest with his children, which of the effects existing at the death of his wife were brought into marriage by him, or acquired during its continuance by donation or inheritance. C. C. 2374.

The legal mortgage of a minor will attach to the individual share of the tutor in the immovables of a succession as soon as he accepts it, subject to the right of priority of the creditors of the succession; and where those immovables are divided in kind, the mortgage will be restricted to his share; but where they have been sold at public auction, the mortgage will attach to the proceeds to the extent of the share of the tutor. Stat. 27 March, 1843, s. 2.

APPEAL from the Fifth District Court of New Orleans, *Buchanan, J. Denis,* for the plaintiffs. *Lewis* and *Bermudez,* for the appellants. The judgment of the court was pronounced by

ROST, J.* The plaintiffs being judgment creditors of the defendant, took out an execution, which was returned "*no property found*". The defendant having subsequently inherited one undivided fifth of the succession of *Antonio Villalobos,* the plaintiffs took an *alias* writ of *fi. fa.*, and directed the sheriff to seize and advertise for sale the rights and interest of the defendant in said succession. The children of the defendant came into court by way of third opposition, and claimed to be paid by preference out of the proceeds of the

---

* EUSTIS, C. J., did not sit in this case, being a stockholder in the Union Bank.

seizure and sale, on the ground that they are mortgage and judgment creditors <span style="float:right">UNION BANK<br>*v.*<br>MARIN.</span> of their father for a large sum, on account of his tutorship. The plaintiffs denied the facts alleged in the opposition, and averred that the pretended judgment under which the opponents claim was a consent decree, and otherwise null and void. They further alleged that the opponents could have no mortgage on any undivided part of the succession of *Villalobos*. The opposition was dismissed, and the opponents appealed.

To establish the reality and the amount of their claim, the appellants rely upon a decree of the court of the second judicial district, which purports to settle the amount due by the tutor, and the share of each of his children. Their counsel contend that this judgment is of equal dignity with that under which the plaintiffs are proceeding, and that the only question before the court is, as to the right of preference between the two claims. Should the two judgments be of equal forcee, there would still be this material difference between the parties, that the opponents have not contested the validity of the plaintiffs' judgment, while that of their own is expressly put at issue.

The decree upon which the opponents rely was rendered under the following circumstances: The defendant filed a petition to which was annexed the account of the tutorship of his children, one of whom only was of age at the time. He prayed that the heir of age and the under tutor of the minors be cited, and that after due proceedings had, the account be approved and homologated, and the share of each heir fixed in conformity therewith. The heir of age and the under-tutor filed separate answers, by which they accepted and approved the account filed in every respect, and joined in the prayer of the petition. Upon these pleadings, and nearly three years after the first execution issued by the plaintiffs had been returned "*no property found*", a decree was rendered homologating the account, and determining the share of each heir, as prayed for.

A decree thus rendered is not legally speaking a judgment. " A judgment is the decision of a controversy, given by a court of justice, between parties who do not agree." Consent decrees decide nothing. They merely authenticate private agreements, and render them executory between the parties. Their effects, as to third persons, are those of transactions made in an authentic form. Merlin, Rép. *verbis* Homologation, Jugement.

In this case the decree had not even the effect of a transaction, because it is only binding upon the heir of age. It does not include the minors. But, moreover, a transaction by which a mortgage is created on the defendant's property, entered into between him and his children, after the execution of the plaintiffs had been returned "*nulla bona*", and his insolvency, at the time thereby ascertained, cannot effect the rights of the latter, and the claim of the opponents must be ascertained without reference to it. In proving that claim, the presumption created by art. 2374 of the Civil Code operates in their favor. The separate creditors of the husband, when alleging neither fraud nor simulation, can exercise no greater rights than he himself had; and they are bound to show, as he would be, in a contest with his children, which of the effects existing at the death of his wife he brought into marriage, or acquired during its continuance by donation or inheritance.

The evidence adduced on both sides is too loose and incomplete to enable us to do justice between the parties. Neither the assets of the community, nor its indebtedness, are clearly shown. The amount of the mortgages said to have existed on the separate slaves of the defendant is not established, nor is it shown

UNION BANK
v.
MARIN.

how the amount due the minors was ascertained before payment of the community debts. The record contains no evidence of the value of the hire of the separate slaves of the husband, of the expenses incurred for the support, maintenance, and education of the minors, nor of the amount of interest paid or due on the community debts. It is proved that the defendant was authorised to give in payment the plantation and all the slaves to his children, but there is no evidence of the execution of the *dation en paiement*, and *non constat* that he has ever been divested of the title.

In remanding the case to supply these deficiences, it is proper to state that, we concur in the opinion of the court below on the first point made by the plaintiffs. The legal mortgage of the minors, if any thing is due them, attached on the undivided share of their father in the immovables of the succession of *Villalobos*, as soon as he accepted it, subject to the right of priority of the creditors of the succession. Had those immovables been divided in kind, the mortgage would have been restricted to his share; but they were sold at public sale, and by an express provision of law, the mortgage attaches to the proceeds, to the extent of the share of the defendant. Acts of 1843, p. 44.

The judgment is reversed, and the case remanded for further proceedings; the plaintiffs and appellees paying the costs of this appeal.