## HERRICK *v.* CONANT.

An appeal will not be dismissed on the ground of the record's not containing certain evidence adduced on the trial, where the defect was supplied, before the argument of the case, by an authentic copy of the document which was wanting, under an agreement in the court below that a copy should be furnished. The irregularity resulted from the plaintiff's consent, and it would be unjust to permit him to derive any advantage from a state of things he was instrumental in producing.

A confession of judgment, in an action on a partnership debt, made, after the dissolution of the partnership, by one of the members, is binding only on himself.

Where the principals in a bond are bound *in solido*, a judgment regularly obtained against either will be binding on their surety.

A judgment confessed by an insolvent after a *cessio bonorum* made and accepted, cannot affect the property ceded, which, from the time of the cession, was vested in the creditors; nor will such a judgment in favor of the vendor of moveables, who had sequestered them before the cession, confessed, after the cession, by the insolvent, who had released the property on a bond before his cession, be binding on the surety in the sequestration bond.

APPEAL from the Fourth District Court of New Orleans, *Strawbridge*, J. *Van Matre*, for the plaintiff. *E. C. Mix* and *Roselius*, for the appellant. The judgment of the court (*King*, J. absent,) was pronounced by

EUSTIS, C. J. This is an appeal taken by the defendant from a judgment rendered against him as surety in a sequestration bond, dated the 15th of November, 1845. The bond was given in the suit of the plaintiff against *Barton &* *Reed*, to release certain articles being their stock in trade in Poydras street, and at their camphine factory in Girod street.

There was a motion made by the counsel for the plaintiff and appellee to dismiss the appeal, on the ground of the record being defective, it not containing certain evidence adduced on the trial. The defect was supplied before the argument of the cause, by an authentic copy of the document which was wanting. It was agreed, in the court below, that a copy was to be furnished, and the irregularity results from the plaintiff's consent. It would be unjust to permit him to derive any advantage from a state of things which he was instrumental in producing.

The bond was intended to secure the delivery of the articles sequestered, and the question before us is whether it has been forfeited. *Welsh* v. *Barrow*, 9 Rob. 535. The plaintiff had judgment against *Barton &* *Reed*, on the confession of *Barton.* The partnership between these parties having been previously dissolved, *Barton's* confession of judgment can only be held binding on himself; but as *Barton &* *Reed* were bound *in solido* in the bond, a regular judgment against either would be binding on the surety. It is objected by the counsel for the defendant, that this judgment is not binding on the defendant, and does not conclude his liability on the bond, because, at the time the confession of judgment

was made, *Barton* could not by such an act affect in any manner the property sought to be made liable to the plaintiff's claims. The judgment was rendered on the 26th of May, 1846, for the debt claimed, with the vendor's privilege on the articles sequestered. On the 30th of March previous, *Barton*, in consequence of the seizure of his stock, had made a cession of the partnership effects, including these very articles, for the benefit of their creditors; which cession was duly accepted, and a provisional syndic was appointed under the authority of the late court of the First Judicial District. The property *Barton* had in those articles was from that time vested in his creditors, and he could not confess any judgment which could affect them in any legal sense. The judge of the District Court would not have permited a judgment of this kind to be entered; and it was solely from the circumstance of the judge of the Criminal Court, in which court the judgment was taken, being uninformed of the proceedings in the District Court, that the defendant, *Barton*, was held competent to confess a judgment against moveables of which he had divested himself by judicial proceedings. A judgment, rendered under these circumstances, we consider as not binding on the surety. Pothier on Obligations, 816, § 61. *Clarke* v. *Scott*, 2 An. 907.

The judgment of the District Court is therefore reversed, and judgment rendered in favor of the defendant, with costs in both courts.