HERRICK
*v.*
CONANT.

---

## FRIERSON *v.* IRWIN.

A commission directed to *E. R. Clyde*, but executed and returned by *Robert J. Clyde*, as commissioner, will be admissible, where the attorney by whom the commission was taken out makes oath that he is well acquainted with *Robert J. Clyde*, that he was the person intended to be made the commissioner, that he caused the name of *E. R. Clyde* to be inserted in the commission by mistake, and that there is no other person of the name of *Clyde* in the town to which the commission was directed.

The designation of a commissioner to take testimony by the initials only of his first and second names, though his sirname be in full, is irregular; and should be objected to by the opposite party before adding his cross-interrogatories.

A PPEAL from the Second District Court of New Orleans, *McHenry*, J. presiding. *Elmore* and *King*, for the plaintiff. *Grivot* and *Roselius*, for the appellant. The judgment of the court (*King*, J. absent,) was pronounced by

EUSTIS, C. J. This apppeal is taken by the defendant from a judgment by which the plaintiff recovered from him a slave named *Sam*, and fifteen dollars per month from 1st March, 1847, and the defendant recovered from his warrantors the sum of $290, the price paid by him for the slave, with interest.

The case has been argued at length on the merits, which involve questions under the jurisprudence of the State of Alabama. Independent of certain testimony, which was excluded by the District Court, we are not prepared to determine definitively on the rights of the parties, and we have come to the conclusion that it ought to have been admitted.

On the trial of the cause the plaintiff's counsel offered in evidence the depositions of three witnesses, taken under a commission, which appears to have been executed by *Robert J. Clyde*, of Tuscaloosa, in the State of Alabama. The

FRIERSON
*v.*
IRWIN.

commission was directed to two persons, justices of the peace, or to *E. R. Clyde, Esq.*, at Tuscaloosa, Alabama.

By the return to the commission, the depositions appear to have been taken under it at the office of the commissioner, in Tuscaloosa, by *Robert J. Clyde*, who signs the return as commissioner. The objection, which the court sustained, to the admission of these depositions was, that *R. J. Clyde* had no authority to take them under the commission, it having been directed to *E. R. Clyde.* On the objection being made, the counsel for the plaintiff submitted his affidavit to the court to the effect that, he was well acquainted in the town of Tuscaloosa, and with *Robert J. Clyde*, the commissioner; that he, *Clyde*, was the person intended to execute the commission, because he, the counsel for the plaintiff, on the issuing of the commission gave the name *E. R. Clyde*, erroneously, for *R. J. Clyde.*

To the decision of the court, the counsel took a bill of exception. The designation of the person to execute the commission by his name, *Clyde*, is that upon which the court is authorized to act. The addition of the initials merely of the christian and middle names is an irregularity almost necessarily leading to mistakes, which the defendant ought to have objected to specially before the cross-interrogatories were filed.

*Mr. King* states in his affidavit, not only that the person executing the commission was the person intended, but that there is no other person living in Tuscaloosa of the name of *Clyde*, and that, if there were, he thinks he should have known it. We think the court erred in refusing to admit the depositions taken under the commission.

The irregularity of designating the commissioner by the initials of his christian and middle name, may be considered as having been committed by both parties, and can be taken advantage of by neither.

The judgment of the District Court is therefore reversed, and the case remanded, with directions to receive in evidence the depositions returned under the commission mentioned in the bill of exceptions; and it is ordered that the appellee pay the costs of this appeal.