## No. 1154.

### AUGUSTE RAUXET VS. EMILE RAUXET.

A donation *inter vivos* duly accepted by the donee need not be accompanied by any other delivery.

A person who is alleged to be too ignorant of the English language to understand the meaning of an act of donation drawn in that language will be held bound by such an act, on proof that she understood the English language sufficiently well to dictate a will in that language.

All issues presented in a cause by the pleadings, on which evidence is introduced on trial, will be considered as disposed of by a final judgment, although the latter be silent on some of the issues in the case.

APPEAL from the Fifth District Court, Parish of Ouachita. *Richardson*, J.

*T. O. Benton* for Plaintiff and Appellee.

*Robert Ray* and *Robert Richardson* for Defendant and Appellant.

The opinion of the Court was delivered by

POCHÉ, J. Plaintiff sues for a partition by sale of a piece of im-

movable property which he claims to own in indivision and in equal shares with the defendant, his brother.

Both are nephews of the original owner who died on the 28th of August, 1884.

Plaintiff claims title to one-half of the property under a donation *inter vivos* of date of June 18, 1884; and defendant lays claim to the whole property by the effect of a will of the deceased, the aunt of both, under date of May 30, 1884.

Hence he denies the alleged ownership of his brother to the half of the property, and he concludes with a prayer for a partition in kind in the event of a judgment favorable to plaintiff's ownership; claiming also reimbursement of moneys disbursed by him, on account of taxes due on his aunt's property during her lifetime, and judgment for sundry amounts alleged to be due to the succession by plaintiff.

Defendant sets up the nullity of the donation *inter vivos* in favor of plaintiff on the following grounds substantially:

1. Want of delivery of the property.

2. Want of acceptance by the donee.

3. That the donation was obtained by plaintiff by improper influences, fraudulent misrepresentations, and devices practiced on his aunt, who was at the time very old and very weak from sickness.

4. That the act of donation was signed by the donor in ignorance of its real meaning and effect, the same being in the English language which she did not know sufficiently to understand a legal document drawn in that language.

### I AND II.

The first two grounds of alleged nullity are answered by the act which was authentic in form, and which recites the formal acceptance of the donee who signed the instrument for that purpose; and by art. 1550 of the Civil Code which reads: "A donation duly accepted, is perfect by the mere consent of the parties; and the ownership of the objects given is transferred to the donee, without the necessity of any other delivery."

On the third ground of nullity, the record is absolutely barren of any evidence of any representations made to the aunt by plaintiff, and hence we are powerless to ascertain whether any or all of them were false, and it is equally silent on the subject of the means, fraudulent or otherwise, used by plaintiff to secure the donation.

The record shows that the act was drawn by the notary at his office, under the direction of a reputable attorney retained therefor by the plaintiff, after which the officer proceeded to the house of the donor, accompanied by two witnesses and by the plaintiff.

After their arrival at the house, plaintiff went into the room of his aunt, who was sick in bed, and remained with her more than half an hour, after which the officer and the witnesses were introduced, and the act was then signed after being read to the donor and other persons present, including defendant's wife.

In all of these proceedings we fail to discover even an intimation of any fraudulent design or unfair dealing on the part of plaintiff or of anyone acting in his behalf.

The only attempt made by defendant to prove circumstances tending in the least to invalidate the donation, was by means of his own testimony consisting mainly of statements made to him by his aunt to the effect that she had signed the act in ignorance, and that her intention was, as it had always been, to leave the whole property to him.

But his recital is silenced by his own acts, which speak louder than his words. The act was signed on the 14th of June, and the deceased lived until the 28th of August following, and no step was taken by either to carry out her supposed intentions; or to expose the alleged deceits and fraudulent deeds of the other brother.

### IV.

The alleged ignorance of the deceased of the English language is not supported by the record.

The very will under which defendant bases all his claims and rests his hopes of success, was drawn in the English language under her directions given in that language to her attorney. On that point the evidence is simply overwhelming against the pretensions of the defendant. Upon the whole, we feel constrained to say that it would be difficult to imagine a weaker attack on an authentic act than the one which is exhibited in this record.

The district judge reached the same conclusions, and rendered judgment recognizing plaintiff's title, and ordering a partition in kind of the property in suit. His judgment is silent on the amounts claimed in reconvention by the defendant. His silence must be construed in law as rejecting the same. 36 Ann. 398, Villars vs. Faivre et al.

As the evidence is insufficient to support the demand, we think that it was correctly ignored.

We note a motion made in this Court by plaintiff for an amendment of the judgment so as to allow time rent on the half of the property from the death of the donor until he obtains possession of the same. When his counsel filed this motion, he doubtless thought that he had made demand for such rent in his pleadings. Such, however, is not the fact, and hence he must enforce his claim by some other proceedings.

Judgment affirmed.