(90 South. 20)

No. 24835.

## WHITE v. LOUIS.

(Oct. 31, 1921.)

*(Syllabus by Editorial Staff.)*

1. Judgment ⬦331—Amending by striking allowance of attorney's fees grants new trial.

The action of the trial court in amending the judgment by striking therefrom the allowance of an attorney fee against plaintiff, which is a matter of substance, and not of mere form, has the effect of granting a new trial as to the entire judgment, since the judge cannot act except by granting a new trial.

2. Certiorari ⬦7—Mandamus ⬦172—Evidence rulings cannot be reviewed after new trial is granted.

On certiorari and mandamus to review a judgment after the district court had in effect granted a new trial by amending the judgment in matters of substance, the Supreme Court cannot consider a complaint that evidence was improperly admitted.

Action begun in the court of the justice of the peace by Harriet White against Louisa Allen Louis. After the district court, on appeal, rendered judgment for defendant, condemning plaintiff to pay $10 attorney's fees, it amended the judgment by striking therefrom the attorney's fees, and plaintiff brings certiorari and mandamus. New trial ordered.

Edmund Maurin, of Donaldsonville, for applicant.

PROVOSTY, J. In the justice of the peace court, plaintiff sequestered certain movables of which she claimed ownership, and obtained judgment. The district court, on appeal, decided in favor of defendant, and condemned plaintiff to pay $10 attorney's fees. Plaintiff having filed a motion for a new trial, the minutes show that the action of the court on the motion was that—

"The court reopened the case simply and only for the purpose of amending the judgment by striking therefrom the attorney's fees allowed in said judgment as damages."

[1] In the present application to this court for mandamus and prohibition, plaintiff contends that, as the said amendment of the judgment was in a matter of substance, and not of mere form or phraseology, the effect of the amendment was to grant a new trial as to the entire judgment, because the judge was without power to amend the judg-

ment except by the granting of a new trial. That contention is well founded. Larose v. Naquin, 145 La. 1025, 83 South. 230.

[2] Plaintiff also complains that on the trial certain evidence was improperly admitted over her objection.

This complaint this court cannot entertain, for the reason that, a new trial having been granted, there now exists no judgment, and hence nothing for this court to review.

It is ordered that the trial court cause to be entered on its minutes a formal order by which a new trial is granted in this case as of date July 29, 1921, and that the defendant pay the costs of the present application.