105 So.2d 240

**ESSO STANDARD OIL COMPANY**

v.

**Maurice J. WELSH.**

No. 43073.

Feb. 10, 1958.

On Rehearing June 27, 1958.

Further Rehearing Denied Oct. 7, 1958.

———◆———

ton for a proper accounting in accordance with the instructions therein set forth.

FOURNET, C. J., dissents.

McCALEB, J., dissents with written reasons.

SIMON, J., absent.

McCALEB, Justice (dissenting).

I see no legal reason for the remand of this case for an accounting. Indeed, it appears to be simply a suit for the balance due by a consignment distributor of petroleum products on his account with plaintiff.

Plaintiff has made full proof of defendant's indebtedness in a total amount of $11,883.50, as shown by the itemized statement set forth in the majority opinion herein (No. 43,072). Actually, the accuracy and existence of the indebtedness is not seriously questioned by defendant. His sole defense appears to be an offense, i. e., a reconventional demand in which he vaguely claims that plaintiff is indebted to him in the sum of $200,000 for its "arbitrary cancellation and wanton disregard" of his rights under the agreement.

This pleading, which does not set forth any facts and, therefore, fails to state a cause of action, is the vehicle by which defendant was permitted to adduce his real

A. M. Curtis, P. A. Casey, W. B. Holcombe, Baton Rouge, J. M. Carville, Plaquemine, D. R. Johnson, Jr., W. W. Erwin, Franklinton, for plaintiff-appellant.

France W. Watts, Jr., Franklinton, H. H. Richardson, Bogalusa, for defendant-appellee.

MOISE, Justice.

For the reasons this day assigned in the case of Esso Standard Oil Company v. Welsh, 235 La. 593, 105 So.2d 233, the verdict of the jury is reversed and set aside, and it is now ordered that this matter be remanded to the Twenty-Second Judicial District Court for the Parish of Washing-

(but not alleged) and, in my opinion, wholly untenable claim that plaintiff is indebted to him because its credit manager, Guibet, by use of some sort of duress, forced him to lend or give Guibet money so that Guibet could pay his personal gambling losses. To say that Guibet's employer (the plaintiff) is responsible to this defendant for his loans or gifts to Guibet (as to which plaintiff's officials were not only uninformed but from whom, according to defendant's own admission, knowledge was deliberately withheld) is, to put it mildly, astounding to me.

Yet, that is exactly what the majority has concluded in this case, i. e., that, since defendant paid Guibet personally $35,400 to cover his gambling losses, defendant is entitled to reimbursement from plaintiff because Guibet was credit manager for plaintiff and, having been allowed to manage its affairs, it is to be implied that he was acting for it.

It seems to me that, even if the doctrine of implied authority of an agency were stretched beyond its normal limits, it could not be fitted to the facts of this case for, here, it is admitted that knowledge of the loans to Guibet were concealed from the officials of the company for years. It was not until defendant's financial condition had reached the breaking point, and he could no longer continue his secret arrangement with Guibet, that he divulged his alleged advances to the credit manager.

Although the jury and the majority apparently accept defendant's story of his magnanimity, to which he attributes his financial downfall, at face value and place the entire blame on Guibet, I suggest that defendant was receiving consideration from Guibet for the loans in the form of credit extensions far beyond his capacity to pay.

I respectfully dissent.

## On Rehearing.

HAWTHORNE, Justice.

Esso Standard Oil Company brought this suit against Maurice J. Welsh, a former consignment distributor for Esso products, to recover an alleged indebtedness of $11,883.50 on an account for gasoline, motor fuels, oils, and greases allegedly delivered by Esso to Welsh, for rentals claimed by Esso from Welsh, and for two accounts that Esso contends Welsh guaranteed while operating as a consignment distributor for Esso. Welsh in his answer made a general denial of the indebtedness. In reconvention he sought $200,000 in damages from Esso for breach of contract because of the alleged cancellation by Esso of a bulk plant lease contract, a hauling contract, and a motor tank equipment lease, and he also asked for the cancellation of a series of notes executed by him in 1951 aggregating $143,290.67. Defendant prayed that the demands of Esso be rejected, that the $143,290.67 notes be cancelled, and that he be

awarded $200,000 in damages with interest and costs.

The case was tried before a jury which returned the following verdict: "We the jury find a verdict in favor of the defendant and award damages in the amount of $35,400.00." In due course the judge signed a judgment in accordance with this verdict.[1] From this judgment plaintiff Esso appealed to this court.

On original hearing this court reversed and set aside the verdict of the jury and remanded the case to the district court for a proper accounting with instructions. In this opinion the court stated that it was unable to pass upon the correctness of plaintiff's claim, and that in the remand for an accounting the lower court was to take into consideration the sum of $35,400 for which amount defendant must be given credit.[2] We granted a rehearing so that we might give further consideration to our former decision remanding the case for an accounting with instructions that defendant be given credit for the sum of $35,400 and reversing the verdict of the jury which denied plaintiff's claim.

It is to be noted that the verdict of the jury as well as the judgment is silent as to defendant's prayer for cancellation of a certain series of promissory notes executed by him in the sum of $143,290.67. Evidence having been adduced on this demand and the judgment being silent in regard to it, such under our law constitutes a rejection of the demand by the lower court and must be so considered by us. State ex rel. Unbehagen v. Nephler, 35 La. Ann. 365; Rauxet v. Rauxet, 38 La.Ann. 669; Soniat v. Whitmer, 141 La. 235, 74 So. 916. As stated previously, only Esso appealed from the judgment here under review; defendant did not appeal or answer Esso's appeal. Therefore defendant's prayer to have these notes cancelled is not before us on this appeal.[3]

We think that we erred in our original opinion in remanding the case for an accounting on the theory that we were unable to pass on the correctness of plaintiff's claim. As we now view the record, plaintiff has established the correctness of all items making up the $11,883.50 claimed to be due it by the defendant Welsh. Defendant himself does not seriously con-

1. As pointed out in our original opinion, this case was tried three times before a jury, and after the third verdict, although the judge did not agree with the jury's findings, he signed the judgment because it was his mandatory duty to do so under the provisions of Article 563.2 of the Code of Practice. See statement of trial judge quoted in original opinion.

2. Chief Justice Fournet and Justice McCaleb dissented.

3. A suit has been instituted in the United States District Court by Esso to recover a judgment for the unpaid balance on this series of notes.

tend that the account is not correct, and does not deny the correctness of a single item of this itemized account, the correctness of which was sworn to by officials and employees of Esso. He testified only that he did not owe Esso the amount shown on the account. On the other hand, plaintiff proved the correctness of this miscellaneous account covering specified items not only by sworn testimony but also, where applicable, by documentary evidence and detailed business records, and proved also that it was due, owing, and unpaid by the defendant.

■ Furthermore, we think we erred in concluding that defendant Welsh was entitled to a credit of $35,400 on this account on the theory that Welsh gave Guibet, Esso's credit manager, checks totalling this amount as payments on this particular account. After all of these checks had been issued to Guibet, Welsh executed the series of notes as a substitute for the amount of two accounts which Esso claimed he owed at that time and which are not the basis of this suit. The question of whether the accounts for which the notes were given should have been credited with the amount of these checks relates exclusively to the matter of consideration for the series of notes. Since suit is now pending on these notes in the United States District Court, claim for a credit of $35,400 may be made by defendant in that forum.

The only damages sought by defendant in this suit are for breach of contract based on the alleged cancellation by Esso of a bulk plant lease contract, a hauling contract, and a motor tank equipment lease. The jury awarded to defendant for these damages the sum of $35,400. In disposing of this claim in our original opinion we correctly said:

"* * * An examination of the record convinces us that defendant was not entitled to these damages. Although he was ill with heart trouble at the time he signed the contract of cancellation, there is no evidence in the record to show that he did not know what he was doing. His wife was a witness to the act, and its contents reflect a mutual consent. R. C. C. Article 1901."

For the reasons assigned the judgment appealed from is reversed, annulled, and set aside, and it is ordered that plaintiff, Esso Standard Oil Company, have judgment against defendant, Maurice J. Welsh, in the sum of $11,883.50 with legal interest from judicial demand until paid and for all costs of this suit.

PONDER, J., dissents.