## No. 2929.—A. J. J. BARUS *v.* H. BIDWELL et al.

*The effect of a judgment as between codefendants must be construed with reference to the pleadings and the nature of the obligation declared upon. Therefore, if the obligation sued upon be not solidary as to the drawers, yet if the acceptor is bound unconditionally for the whole debt, he can not maintain an injunction to restrain the sale of his property to pay the same on the ground that his codebtors are not being pursued for their share, even though they be not bound in solido.*

*The husband can not maintain an injunction to stay the sale of his property, seized to satisfy a judgment rendered against him, on the ground that before the seizure he had transferred the property seized to his wife in payment of a debt which he owed her. In such a case, if the wife, whom it is alleged by the husband is the owner of the property seized, does not complain, the husband can not.*

APPEAL from the Fourth District Court, parish of Orleans. *Theard*, J. *Rightor & McCollam*, for plaintiff and appellee. *E. Filleul*, for defendants and appellants.

WYLY, J. The plaintiff enjoined the execution of the judgment of the defendant, H. Bidwell, against him on several grounds. The most important is that the judgment was a joint one against him and two other judgment debtors, notwithstanding which the execution issued against him for the full amount of the judgment.

On this ground the court perpetuated the injunction, and the defendant, Bidwell, has appealed.

We think the court erred. The plaintiff was sued as the acceptor of a draft, and the prayer of the petition was that the said acceptor and the drawers of the draft be condemned *in solido* to pay the said Bidwell the amount of said demand, with costs, etc.

Although the judgment was against the acceptor and the drawers

for the amount of the draft, the words *in solido* being omitted, we think the plaintiff, the acceptor, is bound in the decree for the full amount thereof. It is an established rule that judgments, as between the parties, must be construed with reference to the pleadings and the nature of the obligation declared on, and although the obligation of the plaintiff was not solidary with the drawers, yet as acceptor he was bound for the whole debt, and the judgment against him must be construed as binding him for the full amount thereof. 14 An. 831; 15 An. 679; 16 An. 365; 3 L. 283.

As to the ground set up in the petition for injunction that the property seized did not belong to the plaintiff, but to his wife, to whom he had conveyed it by an act of giving in payment, we will remark that it is no ground for him to enjoin; if the owner of the property did not complain, he should not. The other grounds for the injunction are unworthy of serious consideration.

As the answer of the defendant to the petition for injunction asks for the dissolution thereof, with damages against the plaintiff and his surety on the injunction bond, we think, under the circumstances, the amount of damages should be fixed at three hundred dollars.

It is therefore ordered that the judgment of the court *a qua* be avoided and annulled, and that the injunction herein be dissolved; and that the plaintiff in injunction and the surety on the injunction bond be condemned *in solido* to pay the defendant, H. Bidwell, three hundred dollars damages and costs of both courts.