State ex rel. Unbehagen vs. Nephler.

## No. 8738.

35   365
48   789
48   1253

THE STATE OF LOUISIANA EX REL. ÜNBEHAGEN VS. F. A. NEPHLER, JUSTICE OF THE PEACE, PARISH OF EAST BATON ROUGE.

In an application for a *certiorari*, wherein it is not charged that the Judge *arbitrarily* refused to admit legal evidence, this Court will not pass upon the correctness of his action. He had the legal power to admit, or reject evidence, and he has exercised it in the form pointed out by law.

The Supreme Court, in the exercise of its supervisory powers over inferior courts, will not transform itself into a court of appeal, for the revision of the rulings of such courts.

Where a court renders judgment in favor of a plaintiff and does not expressly pass upon a reconventional demand, the omission to do so is equivalent to a rejection of such demand.

Where it is charged that a justice's court has illegally, but not arbitrarily, refused to issue its process on a call in warranty, the error, if any, was committed in the exercise of a legal discretion, and is not revisable in this Court in any form.

APPLICATION for a Certiorari.

*Burgess & Burgess & Russell* and *R. W. Knickerbocker* for the Relator.

The Respondent *in propria persona*.

The opinion of the Court was delivered by

BERMUDEZ, C. J.   This is an application for a *certiorari*.

The relator charges that in two suits for rent brought against him before the Justice, defendant herein, he was illegally condemned to pay $7.50 in the first, and $10 in the second; that in the trial of both cases he offered to prove payment by receipts in his possession, which the Justice refused to permit him to introduce in evidence. He further complains that, in an ejectment suit, he offered an answer containing a reconventional demand and a call in warranty; but that the Justice refused to receive such answer and to issue the process of the law in accordance.

In answer to the mandate issued herein, the Justice has transmitted to this Court the proceedings had before him in those cases, and has made a return, explanatory of his conduct in the premises.

### I AND II.

It does not appear that the relator, in the two suits for rent, had pleaded payment, which is a special defense. Had he done so, he does not allege that the Justice has *arbitrarily* refused to admit the receipts in evidence. This was necessary. The receipts appear to have been filed. The Justice, besides, states the reasons for which he did not consider that they showed payment.

In the case of the State ex rel. Wallace vs. Judge Second City Court, N. R., O. B. 56, fo. 854, and which had reference to the ejectment of a tenant, we said, and we adhere to the views then expressed:

" The relatrix does not charge that the City Judge has arbitrarily refused to hear her witnesses. C. P. 857. * * Under the showing made, the City Judge was vested with jurisdiction and had authority to decide whether the testimony offered was or not admissible. He has rejected it, assigning reasons in support of his ruling. It may well be that he has erred, or that he has correctly decided. However that may be, we cannot review his ruling. We have not unfrequently held, that in applications for a *certiorari* we would not inquire into and pass upon the *intrinsic* correctness of the action of an inferior court, but would only determine of the extrinsic regularity and validity of the proceeding. Vide 33 An. 1225 ; 33 An. 16, and other cases. * * * The City Judge appears to have exercised a legal discretion on a subject over which he had jurisdiction. We cannot transform this Court into a court of appeal, for the revision of rulings of inferior courts in cases in which no appeal lies."

### III.

The complaint that the answer offered in the ejectment suit was not received, is contradicted by the filing on the back thereof, and the note of the same made in the *memoranda* of proceedings before the Justice, and made by him.

The answer contains a denial of plaintiff's right to eject the defendant, averments of damages sustained, to the extent of $100, and a call in warranty.

The Justice had jurisdiction over the subject matter involved in the case, as presented by the parties. It is true that he rendered judgment ejecting defendant, without passing on the reconventional demand, but such omission amounts to a rejection of the demand. If he erred in refusing to issue process in the call in warranty, the error was committed in the exercise of a legal discretion, and is not revisable in this Court, in this or any other proceeding.

It is, therefore, ordered and decreed that the application be dismissed, and that the proceedings transmitted to this Court be returned to the Justice who sent them up, and that relator pay costs.