SCHREPFER v. SUAREZ

(Mar. 14, 1927. Opinion and Decree.)
(Apr. 11, 1927. Rehearing Refused.)

(*Syllabus by the Court*)

1. Louisiana Digest — Continuance — Par. 12; Appeal—Par. 596, 597.

Absence of counsel is, of itself, no ground for continuance, and, when the transcript fails to indicate the cause of counsel's absence, it will be presumed that the court acted properly in considering the case.

Appeal from Civil District Court, Division "B". Hon. Mark M. Boatner, Judge.

Action by Mrs. Johanna E. Schrepfer against Mrs. Antoinette Suarez, et al.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

W. Winans Wall, of New Orleans, attorney for plaintiff, appellee.

P. L. Fourchy, of New Orleans, attorney for defendants, appellants.

WESTERFIELD, J.    This is an action in jactitation, or slander of title, involving the following described property:

A certain lot of ground, together with all the buildings and improvements thereon, rights, ways and privileges thereto belonging (without, however, interfering with the right-of-way of the Northeastern Railroad Company), situated at Little Woods on Lake Pontchartrain, at about twelve miles from the City of New Orleans, and making part of the Third District of the City of New Orleans, measuring 40 feet front on Lake Pontchartrain by a depth of 75 feet between parallel lines, bounded on the west by H. Dymond and on the east by Paul Verges.

Defendants filed exceptions of vagueness and no cause of action which were overruled. A default was entered and subsequently confirmed resulting in a judgment ordering defendants to bring suit within sixty days, asserting their claim of ownership, upon penalty of perpetual injunction.

The only contention counsel makes is the assertion that the exceptions were overruled in his absence, which action of the court he claims was prejudicial error.

There is nothing in the transcript to inform us of the reason for considering the case in counsel's absence and no reason or excuse is otherwise presented. The proceedings simply fail to record his presence. The fact that counsel was absent is not, of itself, sufficient grounds for a continuance. Courts are presumed to act with propriety and in this case it will be presumed that the case was properly taken up in counsel's absence.

We find no error in the judgment. Dolton vs. Wickliffe, 35 La. Ann. 365.

It is therefore affirmed.