**HENDERSON et ux. v. MARMANDE et al.**

**HENDERSON v. SAME.**

**No. 16702.**

Court of Appeal of Louisiana, Parish of Orleans.

Jan. 10, 1938.

Robert A. Ainsworth, Jr., of New Orleans, and John E. Fleury, of Gretna, for appellants.

St. Clair Adams & Son, of New Orleans, for appellees.

JANVIER, Judge.

These consolidated suits result from a head-on collision of two motor vehicles at about 8:30 o'clock p. m. on January 26, 1935, on United States Highway No. 90 between Paradis and Boutte in St. Charles parish, La. Fletcher Henderson, accompanied by his wife and Harry Henderson, was driving his Chevrolet sedan in the direction of New Orleans. A. M. Toups, acting within the scope of his employment by E. B. Marmande, was operating an International truck owned by the said Marmande. He was driving the truck in the opposite direction. The defendants are E. B. Marmande, the owner of the truck, and Mercury Insurance Company, his public liability insurance carrier.

In the suit of Fletcher Henderson, who was the owner and operator of the Chevrolet sedan, E. B. Marmande reconvened and sought judgment in the sum of $261.31; that amount representing the extent of the alleged damage sustained by the truck.

The charges of negligence are that Toups did not have the truck under control, and that it was not being driven on the right side of the highway; that it was being operated at an excessive speed and that it swerved to the left side of the highway and ran into the Henderson Chevrolet; and that the truck was equipped with defective brakes.

Defendants deny all of the said allegations and charge, on the contrary, that the accident resulted solely from the negligence of Fletcher Henderson, the operator of the Chevrolet, in the following particulars: (1) In failing to keep to the right of the highway, as provided by law; (2) in failing to have the Chevrolet under proper control; (3) "in driving a dilapidated automobile in bad mechanical repair and with defective brakes at an excessive speed"; (4) in failing to keep a proper lookout for vehicles ahead.

■ In the court below there was judgment dismissing the suits of all three of the plaintiffs. The judgment made no reference to the reconventional demand and, therefore, must be construed as a dismissal of that demand.

"Where a court renders judgment in favor of a plaintiff and does not expressly pass upon a reconventional demand, the omission to do so is equivalent to a rejection of such demand." (Syllabus)—

State ex rel. Unbehagen v. Nephler, 35 La. Ann. 365.

"As the judgment is silent as to the plea of prescription presented to the lower court, it must be considered overruled. State v. Nephler, 35 La.Ann. 365; Soniat v. Whitmer, 141 La. 235, 74 So. 916." Di Carlo et ux. v. Laundry & Dry Cleaning Service, 178 La. 676, 152 So. 327, 329.

See, also, State ex rel. Sehrt et al. v. Registrar of Conveyances et al., 14 La.App. 30, 129 So. 197.

Plaintiffs have appealed, but Marmande has neither answered the appeal nor taken an independent appeal.

■ Although there were three persons in the Henderson car, all of whom testify that that car was being driven far to the right of the road, and although only one eyewitness testified to the contrary, the physical evidence leaves no doubt whatever that the accident resulted solely from the carelessness of the driver of the Henderson car in operating it to the left of the road and in running into the truck, which was on its proper side. The testimony of Henderson that he had driven his Chevrolet far to the right side of the road, partially off of the paved portion, and had brought it almost to a stop when it was run into by the truck, is incomprehensible in view of the physical facts.

There is no dispute over the fact that, after the accident, the Chevrolet was found with its two rear wheels in the ditch on its right side of the road and with its front wheels on the shoulder, or edge of the road. At the time of the impact, according to Henderson, it was parallel with the highway and, therefore, if the truck had swerved into its direction and had hit the front of the Chevrolet, as he testifies, it is quite obvious that its front would have been driven into the ditch and not its rear. Two police officers, who arrived shortly afterwards, found that on the truck's side of the road there were skid marks which appeared to them to have been made by the truck and which extended some 25 or 30 feet back of the truck in a straight line on its side of the road. Surely the truck would not have made skid marks on its side of the road if it had swerved to the left side and had crashed into the Chevrolet on the other side. The truck was a very heavy one, and, as a result of the impact, its left front wheel was so badly demolished that it could not be moved except with the assistance

of a "wrecker," and yet there is no doubt whatever that, after the accident, it was found on the right side of the road almost off the paved portion. If, as a result of the impact far to the left side of the road, this front wheel had been broken, obviously the truck could not have made its way completely across the highway to the other side.

Another circumstance to which we direct our attention is that a great deal of glass, apparently from the windshield of the Chevrolet, was found in the highway; as some of the witnesses express it, all over the highway on both sides. If the Chevrolet had been brought practically to a stop and partially off the highway on its right hand side, surely, when it was demolished by impact with the truck, the glass from the Chevrolet would not have fallen all over the highway. This could only have resulted from the Chevrolet's hitting the truck on the left side of the road and then careening across to the other side.

The record leaves us convinced that the cause of the collision was the negligence of Fletcher Henderson, the driver of the Chevrolet, and that Toups, the driver of the truck, was in no way at fault.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be, and it is, affirmed at the cost of appellants.

Affirmed.

WESTERFIELD, J., absent, takes no part.