WESTERN DIS
*October*, 1833.

FLINT, SYNDIC,
ETC.
*vs.*
CUNY ET AL.

FLINT, SYNDIC, &c. *vs.* CUNY ET AL.

APPEAL FROM THE COURT OF THE SIXTH DISTRICT, THE JUDGE OF THE SEVENTH PRESIDING.

No amendment by the judge *a quo*, of a judgment, can be made after the judgment has been signed, nor before, except for the causes enumerated in the 547th article of the *Code of Practice*.

When the judge *a quo* amends a final judgment, after signing it, and appeal be taken from that amended judgment, the Supreme Court is not authorised to examine the first judgment.

In such a case, the effect of the first judgment is suspended, and does not resume its legal character till after the reversal of the second judgment.

The petitioner, as syndic of the insolvent succession of Samuel C. Cuny, deceased, sues to set aside two conveyances by authentic act, of sundry slaves and other property, by Samuel C. Cuny, in March, 1826, to Stephen E. Cuny, and by the latter in May following, to R. R. Cuny, each conveyance expressing as the consideration, the sum of eight thousand dollars.

The plaintiff representing the creditors of the succession of S. C. Cuny, alleges that these sales were simulated and without consideration, both as regards the parties to them and the creditors of the insolvent succession. He prays that said conveyances be declared null and void, and that R. R. Cuny, the last vendee, be condemned to deliver up the property for the use of the creditors he represents, &c.

WESTERN DIS
October, 1833.

FLINT, SYNDIC,
ETC.
vs.
CUNY ET AL.

S. E. Cuny answers and denies the allegations of the petitioner, and says the conveyance to him, and from him to R. R. Cuny, were made for a valuable consideration, and for just and legal purposes, &c.

R. R. Cuny says the conveyance to him, was to take an agreement off his brother's hands to pay a debt owing by Samuel C. Cuny, to N. Cox, in New-Orleans, and that he had paid, and obligated himself to pay the same, amounting to upwards of one thousand nine hundred dollars. That he had acted in good faith and without prejudice to the creditors of S. C. Cuny.

Both defendants avered, that more than one year had elapsed from the date of the sales, to the institution of this suit. They pleaded the prescription of one year; and avered also, that the persons complaining were not creditors at the time of the sale to S. E. Cuny.

In answer to interrogatories, both defendants admitted that no money was paid at either sale, but that the property was conveyed for the purpose of paying a judgment debt, due by S. C. Cuny, to N. Cox.

The jury found a verdict cancelling the two sales, and restoring the property, after reimbursing R. R. Cuny one thousand nine hundred and fifty-eight dollars, paid by him to N. Cox, and certain costs. Judgment was rendered on this verdict, and signed November 11th, 1831.

On the next day a motion for a new trial was made and overruled.

On the 18th of November, the court opened the judgment with a view to correct it, and make it more in conformity with the verdict of the jury. The judgment as corrected was signed seven days after signing the first one.

The defendants excepted to this judgment, and to the opinion and act of the court so amending its original judgment.

MARTIN, J., delivered the opinion of the court.

The defendants are appellants from a judgment which they contend was irregularly rendered, after a former judg-

ment had been signed three days after the verdict had been given, and no motion made for a new trial. The District Court expressing its opinion, that it could correct its own judgment during the term, even *ex officio*, and accordingly rendering a second judgment in greater conformity to the verdict than the first.

WESTERN DIS
*October*, 1833.

FLINT, SYNDIC,
ETC.
*vs.*
CUNY ET AL.

We are of opinion the judge erred. The *Code of Practice*, 547, allows the court to make certain amendments, which it enumerates, until the judgment has been signed. This is certainly an affirmative, pregnant with the negative, that no amendment can take place after the judgment has been signed, nor before, except in one of the enumerated cases; but we have a positive provision on this subject. A judgment, when duly rendered, (in the French text *signé*) becomes the property of him, in whose favor it has been given, and the judge cannot alter the same, except in the mode provided for by law. *ibid.* 548.

No amendment by the judge *a quo*, of a judgment, can be made after the judgment has been signed, nor before, except for the causes enumerated in the 547th article of the *Code of Practice.*

Being of opinion that the district judge erred, in rendering the second judgment, the next inquiry is, as to the course we are to pursue after its revisal. It was given on a motion for a new trial, and as we are to give the judgment, which in our opinion ought to have been given below, in lieu of the one we reversed, and we think this ought to have been, that the motion for a new trial be overruled.

We have next considered, whether we could examine the first judgment, and it has appeared to us, that we could not, as neither party has enabled us to do so, by an appeal, and it is a final and not an interlocutory judgment, duly signed; and which consequently has not, because it could not be altered by the court who rendered, except in the mode prescribed by law, as in an action of nullity. The idea has presented itself to our minds, that the appellees, if they be dissatisfied with the first judgment, may be said to be precluded from the right of having it examined here, if they do not exercise it now; but after the most mature consideration, it has appeared to us, this is not the case, for as the proceedings below, since it was signed, prevented its execution till they were acted upon in this court, and as there cannot

When the judge *a quo* amends a final judgment, after signing it, & appeal be taken from that amended judgment, the Supreme Court is not authorised to examine the first judgment.

In such a case,
the effect of the
first judgment is
suspended, and
does not resume
its legal character
till after the re-
versal of the se-
cond judgment.

be two final judgments in the same cause, and in the same court, the effect of the first judgment was suspended, and it did not resume its legal character, till after the reversal of the second judgment. *Contra non valentem agere non currit præscriptio.*

It is, therefore, ordered, adjudged and decreed, that the judgment rendered by the District Court, after the motion for a new trial be annulled, avoided and reversed, the motion for a new trial overruled. The costs of the appeal to be borne by the appellee.