NEW ORLEANS, MAY, 1887.                            583

Insurance Company vs. Harbor Protection Company et als.

## No. 9892.

FACTORS AND TRADERS' INSURANCE COMPANY VS. THE NEW HARBOR PROTECTION COMPANY ET ALS.

| 39 | 583 |
| 45 | 1462 |
| 39 | 583 |
| 47 | 1464 |
| 39 | 583 |
| 51 | 1884 |

When a judgment is rendered, interpreting a former appealable judgment by incorporating in
· it a feature which, if it had been expressly contained therein, would have supported an
appeal to this Court, such latter judgment will also be appealable.

Other grounds of motion untenable.

The judgment of a district court which has been signed can only be revised or altered in the
modes provided by law. Under the guise of interpreting the judgment, the judge
cannot. after signature, make a substantial change in the judgment itself on a mere rule
for that purpose.

Interest cannot be collected on a judgment for money which is silent as to interest.

APPEAL from the Civil District Court for the Parish of Orleans.
Houston, J.

*Nicholls & Carroll* for Plaintiff and Appellant.

*M. M. Cohen, T. Gilmore & Sons* for Merchants Insurance Company
and Harbor Protection Company Defendant and Appellee.

*Braughn, Buck, Dinkelspeil & Hart* for People's Insurance Company,
Defendant and Appellee.

### MOTION TO DISMISS.

The opinion of the Court was delivered by

FENNER, J. The motion is based on three grounds, viz:

1st. Want of jurisdiction, because of insufficiency of amount involved. The suit is one for partition, involving the distribution of a fund exceeding sixteen thousand dollars. A final judgment was rendered, homolgating the report of the notary to whom the partition was referred.

After said judgment had become final, a difference arose as to the interpretation thereof; two of the parties claiming that they were entitled to receive interest on their claims, although in forming the passive mass, and in the tableau of distribution their claims had been extended and allowed only to the amount of the principal thereof.

. These parties took a rule on the others interested to show cause why, under said judgment, as properly interpreted, they should not be paid the amount of said interest. After contradictory pleading and hearing judgment was rendered making the rule absolute, from which judgment the present appeal has been taken.

Had the original judgment expressly allowed this interest, the other parties could undoubtedly have appealed to this court by reason of the amount of the fund to be distributed. We see not why they

should not have the same right when the allowance is thus subsequently made in interpreting the judgment, the very question being whether the subsequent judgment is a proper interpretation of the former one, or is an alteration thereof, which the court had no authority to make. It is very certain that the allowance of interest thus made affects the result of the entire distribution of a fund largely exceeding $2000, and we think our jurisdiction is properly invoked.

2d. Insufficiency of the bond of appeal.

The amount of the bond was fixed in the order of appeal, and is, in any event, sufficient for a devolutive appeal.

3d. Absence from the record of any extract from the minutes, showing that the motion and order for appeal was granted by the court. The motion and order are copied in the record, and under *certiorari* the extract from the minutes has been supplied.

Motion denied.

## ON THE MERITS.

This is a partition suit, which was referred to Castell, notary, who proceeded to make the same as directed by law.

He first formed the active mass, amounting to $16,550.

He then recited the claims presented by various creditors, most of whom were holders of interest-bearing notes, as stated in his recital of their claims.

He then proceeded to form the passive mass; but in so doing he allowed the claimants only the principal of their notes without interest. He thus footed up the passive mass at the sum of $7224.30, which he deducted from the active mass, leaving a sum of $9325.70, which he divided *pro rata* among the parties in interest, assigning to each a specified sum of money. When this report was presented in the court sundry oppositions were filed thereto. Amongst others, one was filed by the People's Insurance Company, one of the note-holders, the principal of whose claim alone had been carried by the notary into the passive mass, and who claimed that the report should be amended by allowing the interest also. This opposition was sustained by the judgment of the court. None of the other note-holders made any opposition on this ground; but, on the contrary, two of them, the Merchants' Insurance Company and the Harbor Protection Company, filed a motion to homologate the report so far as not opposed, and obtain an order to that effect.

After hearing, the judge rendered final judgment, dismissing all oppositions except that of the People's Insurance Company, which

was allowed its interest as claimed, homologating the report as thus amended, and directing " that the proceeds bo distributed in accordance therewith."

This judgment was signed, became final, and has not been appealed from. Thereafter two of the note-holders, the Merchants' Insurance Company and the Harbor Protection Company, took a rule upon the stake-holder of the fund to be distributed, the Crescent Insurance Company, to show cause why they should not be paid interest upon their notes, on the ground that such was the proper and legal interpretation of the notarial act of partition and judgment homologating the same.

The judge *a quo* rendered judgment making the rule absolute, from which this appeal is taken. We can discover no possible room for misconception as to the true meaning of the notarial partition and the judgment homologating the same, especially when viewed in connection with the opposition of the People's Insurance and the amendment made in accordance with its prayer.

The People's Insurance Company stood precisely in the same case with complaining note-holders. It saw that it was allowed no interest on its notes and opposed the homologation on that ground ; and its opposition was sustained and the notarial partition amended by allowing such interest. The Merchants' Insurance Company and the Harbor Protection Company, with this opposition on file, far from seeking a like relief for themselves, actually moved to have the tableau homologated so far as not opposed.

The judgment appealed from, under the guise of a professed interpretation, is really an amendment and alteration of the original judgment, in clear violation of the laws on that subject. C. P. 547, 548, 556.

It is perfectly plain that the judgment failed to allow interest upon the notes, and we have held, on most careful consideration, that interest cannot be collected on a judgment which is silent as to interest. Succ'n of Anderson, 33 Ann. 581.

If there was error, the complaining creditors have themselves to blame in not following the example set them by their fellow-creditor.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed, and that the rule herein taken by the Merchants' Mutual Insurance Company and the Harbor Protection Company be dismissed at their cost in both courts.