43 1169
110 269

### No. 10,933.

THE STATE OF LOUISIANA EX REL. SAMUEL VIGNES VS. JUDGE OF CIVIL DISTRICT COURT.

A judgment which has been signed can not be altered, amended or revised by the judge who rendered the same, except in the manner provided by law. He can not, on his own motion, change a judgment which has been so signed, notwithstanding it was signed in error, and was not the judgment orally given.

APPLICATION for *Certiorari* and Prohibition.

*Ker & Duvigneaud* for the Relator.

*J. N. Wolfson* for Respondent.

The opinion of the court was delivered by

MCENERY, J.   The relator applies for a writ of *certiorari* and prohibition to arrest the execution of a writ of *fi. fa.* issued under a judgment which he alleges was never rendered by the court, in the suit of Legendre vs. Vignes, on the docket of the Civil District Court for the parish of Orleans.

In said case the District Judge, on the final trial thereof, orally gave judgment for the plaintiff.

The minutes showed this fact.

The judgment which was signed by the judge in said case is as follows:

"The court considering the law and the evidence to be in favor of defendant, and for the reasons orally assigned, it is ordered, adjudged and decreed that there be judgment in favor of the defendant and against plaintiff, with costs."

74

This judgment is not in áccordance with the minutes, and is not the judgment orally given.

The judge, several days after signing the decree, on his own motion, canceled the same, and signed another judgment or decree, in accordance with the minutes of the court.

Article 546 of the Code of Practice requires the judge to sign all final decrees or judgments. This is absolutely essential to constitute a judgment.

The minutes of the court, even if signed by the judge, are not sufficient to make the entries therein of decrees final and definitive. Hartwell vs. Jumel, 30 An. 421.

Article 547 Code of Practice allows the court to make certain amendments, which are enumerated, before the judgment is signed. The judge can *ex officio* order a new trial to revise the judgment.

Article 548 provides that "a judgment when once rendered becomes the property of him in whose favor it has been given; and the judge can not alter same except in the mode provided by law."

The judge *a quo* was therefore without power to cancel the judgment, *ex proprio motu*, first signed by him in favor of defendant, and substitute another thereafter in favor of the plaintiff. Balio vs. Wilson, 12 Martin, 368; Flint vs. Cuny, 6 La. 69; Whipple vs. Hartzberger, 11 An. 476; Insurance Co. vs. Harbor Protection Co., 39 An. 583; 7 Robertson, 447.

It is, therefore, ordered, adjudged and decreed that the relief prayed for by relator be granted, and the rule herein be made absolute.