SOMMERVILLE, J.
The ease is fully reported in 132 La. 100, 61 South. 128. Plaintiffs, the heirs of Mrs. William Kern, sued the defendant, Alonzo D. Kern, another heir, to compel him to restore to the succession the property which was alleged to *1069 have been fraudulently transferred to Mm by Ms mother. Mrs. Gertrude Kern, wife of Samuel Delerno, one of the heirs of Mrs. Kern, did not join the plaintiffs, and she was made a party defendant. Although a nominal party only, she formally appeared and answered the petition of plaintiffs, denying the allegations therein contained, and asked that “plaintiffs’ suit be dismissed at their cost.” Mrs. Delerno subsequently filed a separate answer to a supplemental and amended petition filed by plaintiffs, in which she adopted the answer of the Fidelity Realty Company, another defendant in the cause, and prayed that plaintiffs’ demand be denied and rejected, and for a judgment in her favor, with costs. She filed a second and amended answer, together with Alonzo D. Kern, in which she and he prayed that plaintiffs’ suit may be dismissed at their costs, for judgment in favor of respondents, etc.
There was judgment in the district court in favor of plaintiffs against Alonzo D. Kern and the Fidelity Realty Company decreeing the sale of certain property therein described to have been simulated, null, and void, and ordering the same to be returned to the estate of Mrs. William Kern. It was further decreed that “all costs of these proceedings be paid by defendants.” Alonzo D. Kern and the Fidelity Realty Company appealed. Mrs. Delerno did not appeal. The judgment was affirmed. 132 La. 100, 61 South. 128.
On a rule to tax the costs of the trial court, there was judgment fixing the costs at $221.25, and they were taxed “against the defendants herein, together with the costs of this rule.” That is the judgment now before us for review. Mrs. Delerno alone has appealed. • ¡
The first error complained of by defendant Mrs. Delerno is that she was not liable under the decree of this court for costs in the district court. She was not before this court, when the case was on appeal; and she was not therefore covered by the judgment in the case. The judgment then appealed from was affirmed, at appellants’ cost. And, in the proceeding now before us, Mrs. Delerno is not sought to be held for any portion of the costs of the appeal.
[1,2] The next alleged error is that the judgment on the rule for costs is not in favor of any one or against any one. The judgment is that the rule for costs be made absolute to a certain extent, and that the items therein specified “be taxed as costs herein, against the defendants herein, with the costs of this rule.”
The “plaintiff” is he who sues another for sometMng, which he says is due'or belongs to him; and the “defendant” is one against whom the suit is brought. C. P. art. 100. The rule in question was brought by the “plaintiffs against Alonzo D. Kern, Mrs. Gertrude Delerno and Samuel Delerno, to aid, assist and authorize his wife, and the Fidelity Casualty Company, surety,” etc. Reference to the record shows that some of the heirs of Mrs. William D. Kern, and other heirs of Mrs. Kern, all named in the original petition, are the plaintiffs and defendants respectively, and the rule to tax costs shows who the defendants in that rule were, viz.: “Alonzo D. Kern, Mrs. Gertrude Delerno, and Samuel Delerno,” etc. And, as the original judgment in the case in the district court was in favor of the plaintiffs, naming them, and against Alonzo D. Kern, and the Fidelity Realty Company, decreeing the nullity of a transfer of real property, and further decreeing that “all costs of this proceeding to be paid by the defendants,” it is made very clear by reference to the record that Mrs. Delerno was one of these defendants, and that the judgment against her on *1071 the rule to tax costs of the district court was correctly rendered.
Mr. Black, in his work on judgments (volume 1, § 116), says:
“Numerous authorities hold that a judgment expressed to be merely for or against ‘the plaintiff’ or the ‘defendant’ will be sufficient, if the names of the parties thus designated can be ascertained without ambiguity from other parts of the record.”
Judgment affirmed.