(102 So. 420)

No. 24820.

## BAPTISTE v. SOUTHALL.

(Dec. 1, 1924.)

*(Syllabus by Editorial Staff.)*

1. **Judgment** ☞313—Decree setting out items of particular property referred to generally in prior judgment does not materially change such judgment.

Where court, in decree interpreting original judgment, merely sets out particular items of property referred to generally in original judgment, there was no material alteration or amendment substantially changing such original judgment prohibited by Code Prac. art. 547.

2. **Husband and wife** ☞272(4)—Wife's petition for liquidation of community filed 60 days after decree of separation from bed and board granted husband, held too late.

Where wife permitted 60 days to elapse after husband obtained decree of separation of bed and board before seeking liquidation of their community, *held* such delay precluded relief, in view of Civ. Code, art. 2420, providing that unless she acts within time therein mentioned, she is presumed to have renounced her community.

Appeal from Civil District Court, Parish of Orleans; Wynne G. Rogers, Judge.

Application by Homer H. Baptiste against Agnes Southall, his wife, for interpretation of judgment rendered in suit of the latter against former. From the judgment on this application, said Agnes Southall appeals. Affirmed.

See, also, 156 La. 442, 100 So. 674.

J. K. D'Avricourt and Henriques & Duchamp, all of New Orleans, for appellant.

E. M. Stafford and Daniel Wendling, both of New Orleans, for appellee.

BRUNOT, J. Appellant was the wife of Homer Baptiste. After they were married they acquired certain real estate. This property belonged to the community of acquêts and gains. Baptiste obtained a judgment of separation a mensa et thoro from his wife, and 60 days after the rendition and signing of that judgment Agnes Southall filed a petition in the civil district court of the parish of Orleans, alleging therein that she was the owner of one-half of the community acquired by herself and her husband during the existence of the marriage, and she prayed for an inventory of that property, and for an injunction restraining Baptiste from disposing of or incumbering any part of it.

The court ordered the inventory, and granted the injunction as prayed for in the petition. Baptiste filed an exception of vagueness. This exception does not appear to have been disposed of, but, pending the disposal of it, Baptiste filed a petition in which he alleged that more than one year had elapsed from the rendition of the judgment of separation from bed and board, and that there had been no reconciliation between the spouses, and he prayed therein for an absolute divorce. Agnes Southall answered this petition, and, after a hearing, the court rendered judgment in favor of the plaintiff, granting an absolute divorce. A motion for a new trial was filed. This motion was reg-

ularly taken up, heard, and overruled. A short time thereafter Baptiste filed an exception to the original petition for an inventory of the community property, and for a liquidation of the community. This exception is based on three grounds, viz.:

"First. That the petition discloses no cause or right of action.

"Second. That the relief prayed for comes too late.

"Third. That the plaintiff is estopped from setting up said claims."

The exception was argued and submitted, and the court rendered the following judgment:

"When, after hearing argument upon the exceptions of Homer Baptiste, defendant, the court being of the opinion that the said exceptions are well founded, it is ordered that the demand of Agnes Southall for a settlement and liquidation of the community be rejected, with costs."

No appeal was taken from this judgment, or from the judgment granting Baptiste an absolute divorce.

Several months after the rendition of the judgment maintaining the exceptions and dismissing the claim of Agnes Southall to a share in the community property, Baptiste applied to the court for an interpretation of that judgment. After a hearing on the rule to interpret the judgment, the court rendered the following decree:

"It is ordered, adjudged, and decreed that there be judgment herein holding and decreeing that the court in rejecting the demand of Agnes Southall, defendant herein, for a liquidation and settlement of the community, rejected her demand to, and held her to be without right, title and interest in and to the following described property, to wit."

The judgment concluded with a description of the community property listed on the inventory made by Alexis Brian, notary public, on the 26th day of March, 1917, in obedience to the order of court granted in compliance with the prayer of Agnes Southall's petition for an inventory of the community property, and for an injunction restraining her husband from disposing of any part thereof.

It is from the judgment rendered June 2, 1920, and signed June 9, 1920, which judgment interprets the judgment rendered February 13, 1919, and signed March 5, 1919, that appellant prosecutes this appeal.

[1] The contention of appellant is that the judgment rendered June 2, 1920, which interprets the judgment rendered February 13, 1919, makes a substantial change in the original judgment, and that no amendment of a judgment can be made, after it has been signed, except for the causes enumerated in article 547, C. P.

If it be true that the judgment rendered June 2, 1920, makes a substantial or material change in the original judgment, appellant's contention is correct, but we cannot see wherein the judgment appealed from amends or changes the original judgment in any respect.

Appellant relies upon article 547, C. P., and upon the authorities interpreting and applying that article. The article is as follows:

"Judgments may be amended by the court, until after having been signed, in order, * * * to alter the phraseology of the judgment, but not its substance; * * * to correct errors of calculation, as for instance, if more have been given than was demanded, or if the party in favor of whom the judgment was given had been ordered to pay the costs. * * * Except in the cases above provided, courts cannot alter their judgments; but they may, ex officio, direct a new trial in order to revise their judgments."

In applying this article the courts of this state have held that a clerical error in the name of the defendant may be corrected. Shelly v. Dobbins, 31 La. Ann. 530; Succession of Julia Corrigan, 42 La. Ann. 65, 7 So. 74.

Where the ends of justice demand it the decree may be modified (Gay v. Hebert, 44 La. Ann. 302, 10 So. 775), but it is the un-

broken rule that no substantial change in the judgment can be made under the pretense of interpretation. Insurance Co. v. Harbor Protection Co., 39 La. Ann. 583, 2 So. 407.

In this case appellant provoked the making of the inventory of the community property. She signed that inventory. The court subsequently decreed that she had no interest in that property and dismissed her demand, and the judgment interpreting that decree merely describes the property which was listed on the inventory as community property.

It cannot be successfully contended that a judgment which takes nothing from, and adds nothing to, an original judgment, except a particular description of properties in which the original judgment decrees the appellant to be without right, title, or interest to any part thereof, is an alteration or amendment of that judgment.

[2] In the petition of appellant for a liquidation of the community it appears that she permitted 60 days to elapse after the signing of the judgment granting appellee a separation from bed and board, before she filed that plea.

Article 2420 of the Civil Code is as follows:

"The wife, separated from bed and board, who has not within the delays above fixed, to begin from the separation finally pronounced, accepted the community, is supposed to have renounced the same; unless, being still within the term, she has obtained a prolongation from the judge, after the husband was heard, or after he was duly summoned."

In the case of Wend v. Wend, 155 La. 257, 99 So. 211, the court says:

"In the case before us the wife herself procured the judgment of divorce and therefore knew of it; and she was bound to know the law which required her to accept the community within 30 days after the divorce was pronounced. Having failed to accept within such delay she is conclusively presumed to have renounced it."

Counsel, in argument, directed our attention to Act No. 4 of 1882. In the case of Barbara Weller v. Jacob Von Hoven, 42 La. Ann. 600, 7 So. 702, the court considered this Act and said:

"We do not understand the learned counsel of plaintiff to dispute the perfect validity of the exception, if article 2420 [C. C.] remains in force. But they claim that this article has been repealed by the statute No. 4 of 1882. * * * The statute contains no repealing clause, and it cannot be held to repeal article 2420 by implication, unless its provisions are 'contrary to or irreconcilable with those of the former law.' R. C. C. 23. * * * There is no * * * repugnancy between the article 2420 and the subsequent statute. On the contrary, they may well stand together, and might be incorporated in a single consistent statute, which would provide: (1) The delays within which the wife separated from bed and board should be bound to signify her acceptance; (2) that said acceptance, however, might be made under the benefit of inventory in the same manner and with the same benefits and advantages as the law provides in the case of beneficiary heirs. Where is the inconsistency? The article and the statute, in fact, treat of different matters. The article treats of the time within which the wife must signify her acceptance; and the statute treats of the manner in which she may accept."

For the reasons assigned we find that the judgment appealed from is correct, and it is therefore affirmed, appellant to pay costs.

O'NIELL, C. J., concurs in the decree.
ROGERS, J., recused.