## STATE EX REL. SEHRT ET AL. v. REGISTRAR OF CONVEYANCES ET AL.

—

(June 16, 1930. Opinion and Decree.)
(July 1, 1930. Rehearing Refused.)

—

Louis E. Jung, of New Orleans, attorney for plaintiffs, appellees.

Woodville & Woodville, of New Orleans, attorneys for defendants, appellants.

WESTERFIELD, J. This is an appeal from a judgment on a rule to tax costs. The appellant Stanley A. Harvey was joined in a mandamus proceeding with the Registrar of Conveyances for the parish of Orleans, brought by John J. Sehrt and Sidney J. Courtin, for the purpose of erasing an inscription which the said Harvey had caused to be put of record in the conveyance office, and which effected certain property belonging to Sehrt and Courtin. The mandamus was made peremptory, and the Registrar of Conveyances was ordered to cancel and erase the inscription complained of. The judgment, however, failed to condemn Harvey, in fact, failed to mention his name. After the judgment thus rendered in the mandamus proceeding had become final, no application for a new trial having been made and no appeal taken, a rule was taken against Harvey and the Registrar of Conveyances in which, after reciting that the costs expended by plaintiffs amounted to $23.25, judgment was prayed for against the defendants in rule for that amount.

A judgment was rendered on that rule condemning Harvey to pay the costs referred to and dismissing the rule as to the Registrar of Conveyances. This appeal was prosecuted from that judgment.

The question presented for our consideration is whether a definitive judgment may be amended by rule so as to condemn a party defendant who, by inadvertence, was not cast in the original judgment. Our answer must be in the negative. The effect of the silence of a judgment with respect to one of two defendants is equivalent to the rejection of plaintiffs' demand as to that defendant. State vs. Nephler, 35 La. Ann. 365.

All issues presented by the pleadings must be considered as disposed of by final judgment, whether the judgment be silent as to some of them or not. Johnson vs. Mattle, 6 Orleans App. 218.

Code of Practice, article 556, declares that definitive judgments may be revised, set aside, or reversed by a new trial, by appeal, by action of nullity, or by rescission.

Article 548 of the Code of Practice reads as follows:

"A judgment, when once rendered, becomes the property of him in whose favor it has been given; and the judge can not alter the same, except in the mode provided by law." See Cassard vs. Tracy, 52 La. Ann. 835, 27 So. 368, 49 L. R. A. 272.

To interpolate Harvey's name in the judgment would be a radical alteration which should not be permitted in the guise of an interpretation.

In the case of Factors' & Traders' Insurance Company vs. New Harbor Protection Company, 39 La. Ann. 583, 2 So. 407, 409 where a rule was made absolute allowing interest in a judgment where none was allowed in the original judgment upon ·the ground that in so doing the judgment was merely interpreted and not altered, the court said:

"The judgment appealed from, under the guise of a professed interpretation, is really an amendment and alteration of the original judgment, in clear violation of the laws on that subject. Code Pr. 547, 548, 556."

See, also, American Multigraph Sales Co. vs. Globe Indemnity Co., 11 La. App. 358, 123 So. 358, and authorities therein cited.

There being no judgment rendered against Harvey, he cannot be condemned to pay costs.

For the reasons assigned the judgment appealed from is reversed, and it is now ordered, adjudged, and decreed that there be judgment in favor of the defendant Stanley A. Harvey, dismissing the rule to tax costs in this proceeding.

JANVIER, J. (dissenting). I think that in matters of this kind it is not essential that the judgment in express terms state that it is in favor of one party and against the other. If it orders done that which one party prays for, and which the other resists, it is obviously in favor of the one and against the other. Here Harvey had caused the inscription to be registered in the office of the Registrar of Conveyances. Relator sought the erasure of the inscription. The Registrar of Conveyances was a nominal party, but had no real interest. The judgment ordered the erasure of the inscription. I cannot see how it can be said that that judgment may be construed as a judgment in favor of Harvey merely because, in addition to the ordering of the erasure of the inscription, the judgment did not contain the words "against Harvey."

The Registrar of Conveyances manifestly had no interest in the subject-matter of the suit, and the only party who did have such interest was Harvey. It was not even necessary, in my opinion, that the judgment mention the fact that it was rendered against the Registrar of Conveyances. It is very evident that that party was included in the judgment "eo nomine," because action on his part was required. In a case such as this the fact that the name of the main defendant is omitted from the judgment cannot give rise to the presumption that, by reason of the omission, it was intended that the judgment should not run against that defendant. I concede that the usual rule is that, where several parties

are made defendants and a judgment is rendered against some and one is not mentioned therein, it must be assumed that that one was intentionally omitted and that the judgment is in his favor. Soniat vs. Whitmer, 141 La. 235, 74 So. 916; Kimbro & Theriot vs. Warmoth, No. 7507 Orleans App., see Louisiana and Southern Digest.

But this is nothing more than a presumption and will yield where, to apply such a rule, would entirely nullify the rest of the judgment. Here we cannot assume that the trial judge, by leaving out the name of Harvey as one of the defendants cast, intended to render a judgment in his favor, because the only issue adjudicated upon was decided adversely to Harvey and to no one else. The doctrine announced by this court in Jurgelwicz vs. National Surety Co., 12 Orleans App. 298, is applicable here. In the syllabus written by the court appears the following:

"Although as a general rule the silence of a judgment as to some demands where others are passed upon between the same parties is equivalent to a rejection of the demands not passed upon, nevertheless this is a mere rule of interpretation and has no application where to enforce it would do violence to the rest of the judgment."

In determining what a judgment means, recourse may be had to the pleadings and to the entire record. Sharp vs. Zeller, 114 La. 549, 38 So. 449; Peniston vs. Somers, 15 La. Ann. 679. If we refer to the record here, we find that the only relief sought was the erasure of the inscription, the only person who had an interest in resisting that erasure was Harvey, and the judgment ordered the erasure. Therefore the judgment was against Harvey, though he was not mentioned therein.

In City of New Orleans vs. City Hotel et al., 27 La. Ann. 470, our Supreme Court dealt with a situation very similar to that which confronts us. There a suit was filed against the City Hotel, R. S. Morse, and James E. Zunts. The judgment as rendered was against City Hotel and no mention was made therein of the other two defendants, Morse and Zunts. These two other defendants, however, appealed from the judgment.

In holding that the judgment as rendered should be interpreted by reference to the record, and that Morse and Zunts should be considered as parties cast by the judgment, the court said:

"This proceeding was had in the case entitled City of New Orleans v. City Hotel, R. S. Morse and James E. Zunts, with the proper number on the docket. These two parties applied for and obtained an appeal, alleging that they are aggrieved by the final judgment rendered herein.
"We think there can be no doubt, under these circumstances, that the appellants were the parties who were condemned in this judgment, which must be construed with reference to the pleadings in the case and the obligation sought to be enforced."

In Barus vs. Bidwell, 23 La. Ann. 296, the Supreme Court again decided a matter involving the same principles. The judgment appealed from was rendered against the defendants jointly. Execution was issued against one of the defendants for the full amount. This execution was sought to be enjoined on the ground that the judgment was not solidary, and that the judgment debtor against whom execution was sought could only be held jointly. The court said:

"Although the judgment was against the acceptor and the drawers for the amount of the draft, the words in solido being omitted, we think the plaintiff, the acceptor, is bound in the decree for the full amount thereof. It is an established rule that judgments, as between the parties, must be construed with reference to the pleadings and the nature of the obligation declared on, and although the obligation of the

plaintiff was not solidary with the drawers, yet as acceptor he was bound for the whole debt, and the judgment against him must be construed as binding him for the full amount thereof. Bell v. Massey, 14 La. Ann. 831; Peniston v. Somers, 15 La. Ann. 679; Bonvillain v. Bowig, 16 La. Ann. 365; Prall v. Peet's Curator, 3 La. 283."

The record here shows that the defendant was really Harvey, and that the judgment ordered done that which Harvey resisted. The judgment was, therefore, against Harvey. Under Code of. Practice, art. 549, the costs should follow the judgment. Thus, even in the absence of a rule to tax costs, Harvey could have been required to pay them. The rule did no more than could have been required by the judgment, except that it established the amount of the costs.

I respectfully dissent.