GLEN FALLS INDEMNITY CO. v.
MANNING et al.

No. 16403.

Court of Appeal of Louisiana. Orleans.

June 22, 1936.

Prowell & McBride and J. V. Ferguson, all of New Orleans, for appellant.

Weiss & Weiss and Yarrut & Stich, all of New Orleans (Louis H. Yarrut, of New Orleans, of counsel), for appellee.

McCALEB, Judge.

As holder of a past-due promissory note executed by the defendants, Paul E. Manning, Emile de Smet Silva, and Mrs. Arthemise Manning, wife of Emile de Smet Silva, Glen Falls Indemnity Company filed this suit on January 11, 1934, praying for judgment against them. Service of process was regularly made upon all defendants and on April 2, 1934, a preliminary default judgment was entered in the district court. Thereafter, on April 24, 1934, the defendants having failed to answer the plaintiff's demand, judgment was rendered in confirmation of the preliminary default. This judgment was signed on April 30, 1934. It is in plaintiff's favor for the face value of the note, with interest and attorney's fees, "against the defendant, Paul E. Manning, et als." On May 8, 1934, after the first judgment had been rendered and signed by the court, a second judgment was entered, which is similar to the first judgment except that this judgment is against the defendants, Paul E. Manning, Emile de Smet Silva and Mrs. Arthemise Manning, wife of Emile de Smet Silva, in solido. This second judgment was signed on May 21, 1934, and certified copies were served upon all of the named defendants in the judgment. Many months later the plaintiff attempted to execute the judgment against the defendant, Mrs. Arthemise Manning, wife of Emile de

Smet Silva, whereupon, on October 31, 1935, Mrs. Silva filed a petition for an injunction, claiming that the first judgment signed on April 30, 1934, was not a judgment against her and that the second judgment, which had been rendered and signed after the finality of the first judgment, which sought to correct or change the first judgment to show that it was against Mrs. Silva, was and is null and void on the ground that the court was without jurisdiction to change or alter the first judgment after it had been signed. A temporary restraining order was granted and a rule nisi issued for the plaintiff in suit to show cause on November 7, 1935, why a temporary injunction should not be issued in accordance with law.

On the date of the hearing of the rule nisi, the plaintiff appeared and filed an exception of no cause of action to Mrs. Silva's suit for an injunction, and alternatively pleaded that she was estopped from complaining of the judgment because she had permitted more than a year to elapse, after being served with notice of judgment, without taking any steps to set the judgment aside.

After a hearing of the case, the district court sustained the exception of no cause of action to the petition of Mrs. Silva for an injunction, and she has appealed to this court from the judgment dismissing her injunction suit.

The contention made by Mrs. Silva is:

First, that the original judgment rendered and signed in favor of the plaintiff and against the defendant, Paul E. Manning, et als., is, in effect, a judgment against Paul E. Manning alone, and that the failure of the court to name Mrs. Silva as a party cast is equivalent to a judgment of dismissal of the suit as against her.

Second, based upon the foregoing premise, it is claimed that under article 548 of the Code of Practice that the first judgment, being one in favor of Mrs. Silva, has become her vested property, and that the judge was without right or power to alter the same except in the mode provided by law.

It will be therefore observed at the outset that, in order for Mrs. Silva to succeed in this action of nullity, we must first consider whethere or not the judgment first rendered and signed was one in her favor.

As above stated, the judgment is against defendant, "Paul E. Manning, et als." The parties named in the suit and against whom judgment is sought are the three defendants as solidary obligors upon their promissory note. The expression employed in the judgment, "et als." is of common usage in our law, being an abbreviation of the Latin phrase "et alius," which means "and another." Bouvier's Law Dictionary, on page 366, informs that "the abbreviation 'et al.,' sometimes in the plural written 'et als.,' is affixed to the name of the first plaintiff or defendant in entitling a cause, where there are several joined as plaintiffs or defendants." These words have a well-defined and fixed meaning in court procedure and it is plain that the phrase "et als.," as used in the first judgment rendered by the trial court, could only denote that judgment was rendered against the defendant Paul E. Manning and the other named defendants in the suit, to wit, Emile de Smet Silva, and Mrs. Arthemise Manning Silva.

■ There is nothing in our law which makes it mandatory that the judgment specifically name the defendants. In Siekmann v. Kern, 136 La. 1068, 68 So. 128, it was held that a judgment which taxes the costs of the proceeding against "the defendants" was sufficient, although the defendants were not actually named in the judgment. Moreover, a judgment will be interpreted in accordance with the prayer as to what is demanded and as against whom it is demanded. Bell v. Massey, 14 La.Ann. 831; Peniston v. Somers, 15 La. Ann. 679; Bonvillain v. Bourg, 16 La.Ann. 363, 365. We are of opinion that the first judgment rendered against "Paul E. Manning, et als." is valid not only against Paul E. Manning, but also against Emile de Smet Silva and Mrs. Silva. Hence, article 548 of the Code of Practice has no application because this article may be invoked only by one in whose favor the judgment is rendered.

It is asserted, however, that the writ was executed by virtue of the second judgment, which was a judgment interpreting the first judgment, and that the first judgment having become final, the court was without jurisdiction to alter or amend the original judgment. Article 547 of the Code of Practice is cited as sustaining the point. That article reads:

"547. Amendment of Judgments—Judgments may be amended by the court, until after having been signed, in order.

"1. To alter the phraseology of the judgment, but not its substance;

"2. To correct errors of calculation, as for instance, if more have been given than was demanded, or if the party in favor of whom the judgment was given had been ordered to pay the costs.

"Except in the cases above provided, courts can not alter their judgments; but they may, ex officio, direct a new trial in order to revise their judgments."

It is conceded by the plaintiff in suit, that under the strict language of the above-quoted article any ambiguity of the first judgment may not be corrected after the judgment has been signed. But counsel contends that under the jurisprudence interpreting this article of the Code of Practice, where the ends of justice demand it, a judgment may be amended by the court even after it has been signed, where the amendment or alteration takes nothing from and adds nothing to the original judgment.

This view was upheld by the Supreme Court in the case of Baptiste v. Southall, 157 La. 333, 102 So. 420. In that case, after a final judgment had been rendered and signed, the plaintiff applied to the court for an interpretation of that judgment. After hearing, the district court interpreted the judgment by adding a description of property, which had been omitted from the original judgment. On appeal the Supreme Court affirmed the action of the trial judge, citing with approval the cases of Shelly v. Dobbins, 31 La.Ann. 530, and Succession of Julia Corrigan, 42 La.Ann. 65, 7 So. 74. In Shelly v. Dobbins, supra, a judgment was rendered and signed against Patrick Lyons and Michael Welsh, whereas judgment had been prayed for against Patrick Lyons and Michael Shelly. Execution of the judgment was attempted and enjoined upon the ground that there was no judgment against Shelly. The Supreme Court, while reversing the judgment of the lower court, which denied the injunction, specifically sustained the right of the district court to correct the judgment on motion contradictorily made by substituting the name of the party condemned, Michael Shelly, for that of Michael Welsh, who was an entire stranger to the proceeding.

■■ So it will be seen from the foregoing that where the judgment is ambiguous, or contains a clerical error, the court has a right, even after the first judgment is signed, to interpret it, if such interpretation does not effect a substantial change in the decree. Thus, in the instant case, the only change made in the first judgment was to specifically name the three defendants as the parties cast in the first judgment. This change did not enlarge, or in any way alter the original decree which had been entered, but merely explained the use of the expression "et als." which had been inserted in the original judgment.

■ While the change has been made on an ex parte order, no useful purpose will be served by remanding the suit to allow the plaintiff to take a rule contradictorily against the defendant for an interpretation of the judgment. The petition for injunction does not show that the defendant, Mrs. Silva, has been injured in any way by the rendition and signing of the second judgment. Furthermore, in our view, the first judgment was valid and enforceable as against Mrs. Silva and the plaintiff was entitled to execution upon it alone.

The cases of Factors' & Traders' Ins. Co. v. New Harbor Protection Co., 39 La.Ann. 583, 2 So. 407, State ex rel. Vignes v. Judge, 43 La.Ann. 1169, 10 So. 294, Spence v. Spence, 160 La. 430, 107 So. 294, American Multigraph Sales Co., Inc., v. Globe Indemnity Co., 11 La.App. 353, 123 So. 358, and State ex rel. Sehrt v. Registrar of Conveyances et al., 14 La.App. 30, 129 So. 197, relied upon by the defendant, Mrs. Silva, are all cases where an attempt was made by the district judge to make a material or substantial change, alteration, or modification in the first judgment under the guise of interpretation. The courts held in those cases that under article 547 of the Code of Practice a trial court is without right or authority to alter, change, or correct the judgment after it has been signed. State v. F. B. Williams Cypress Co., 132 La. 949, 964, 61 So. 988, Ann.Cas.1914D, 1290, is inapposite.

Counsel for Mrs. Silva also relies upon the case of Flint Syndic & Co. v. Cuny et al., 6 La. 67, and, while the dicta of the court in that case seems to be in accord with the proposition he contends for, the court has construed article 547 of the Code of Practice in other cases in such manner as to allow the trial court to interpret its judgment where such interpretation does not add to, take from, or mater-

ially change the decree. See Shelly v. Dobbins and Baptiste v. Southall, supra.

For the reasons assigned, the judgment of the trial court is affirmed.

Affirmed.