BARNETTE, Judge.
This proceeding began as a suit on a promissory note in the principal amount of $4,344.24 given by Pioneer Oil & Gas Co. by James R. Mary, president, and by James R. Mary, personally, dated February 6, 1962, payable March 6, 1962. A suit was filed April 10, 1962, in which it was alleged that the full amount with interest and attorney’s fees was due. A judgment upon confirmation of default was rendered on May 22, 1962, and a corrected judgment was rendered, signed and filed on November 20, 1962.
In an attempt to execute the judgment, certain property and assets of the defendant Mary were seized under a writ of fieri facias. Mary then filed a petition in which he sought to enjoin the execution of the judgment, alleging certain nullities and irregularities, which will be discussed below. He also prayed for damages. An exception of no right and of no cause of action directed against the injunctive procedure and an exception of vagueness directed to the damage claim were filed by Houston Oil Field Material Co., Inc. On November 3, 1967, after a contradictory hearing, judgment was rendered, signed and filed maintaining the exceptions and dismissing Mary’s petition at his cost. From that judgment he has appealed.
The original suit was filed in Orleans Parish, the domicile of the codefendant Pioneer Oil & Gas Co., Inc. Service of petition and citation upon Pioneer was duly made on April 12, 1962, and return thereof filed. The petition erroneously alleged Mary’s domicile to be in Orleans Parish, when in fact he was then a resident of Jefferson Parish. Domiciliary service and citation was effected on Mary, however, by service on Mrs. James R. Mary, his wife, at his Jefferson Parish residence, April 17, and return thereof was duly filed.
The following minute entry, from ' the extract of the minutes of the court, appears in the record before us:
“DEFAULT MAY 3, 1962
“On motion of attorney for plaintiff in the following cause and on showing to the Court that the defendants in this case, being duly cited, have failed to file an answer and the legal delays having elapsed, IT IS ORDERED BY THE COURT that a preliminary default be entered against said defendants.”
On May 22, 1962, a judgment confirming default was rendered, signed and filed, the pertinent part of which is as follows:
“IT IS ORDERED, ADJUDGED, AND DECREED, that the default herein entered on May 3,1962, be now confirmed and made final and, accordingly, let there be judgment herein in favor of the plaintiff, HOUSTON OIL FIELD MATERIAL CO., INC., and against the defendants, PIONEER OIL & GAS CO., INC., in solido, in the full sum of $4,344.-24, together with 6% per annum interest thereon from February 6, 1962, until paid, and 15% attorneys’ fees, and all costs of these proceedings.”
On November 20, 1962, an ex parte corrected judgment was rendered, signed and *683 filed on motion of plaintiff’s counsel inserting the name of “James R. Mary” between the words “Pioneer Oil & Gas Co., Inc.,” and “in solido” in the original judgment. Notice of this judgment was not served on Mary until April 21, 1966.
Appellant has raised questions of venue; service of citation and notice of judgment; proper entry of default; a variance between the amount alleged due in plaintiff’s affidavit and the amount of the note sued upon; reduction by payment allegedly received from the codefendant; the form of the writ of seizure; etc., which questions we find unnecessary to consider in view of the rationale of this decision. In our opinion the serious issue is the validity of the so-called corrected judgment of November 20, 1962, the execution of which appellant, by this proceeding, seeks to enjoin. We now direct our consideration to that question.
LSA-C.C.P. art. 1951 provides as follows :
“A final judgment may be amended by the trial court at any time, with or without notice, on its own motion or on motion of any party:
(1) To alter the phraseology of the judgment, but not the substance; or
(2) To correct errors of calculation.”
The question we must decide therefore is whether the correction of the judgment by inserting the name of James R. Mary as a person cast in solido with the other named defendant is an alteration of “phraseology” or “substance.”
In Pond v. Campbell, 198 So.2d 700 (La.App. 1st Cir. 1967), a similar question was presented to the court. A judgment was rendered in favor of Mrs. Pond against Mr. and Mrs. Campbell and their insurer, whose policy limit was $5,000, and in favor of Rev. Pond for special damages of $3,-108.74 and also in favor of Rev. Pond against Mr. and Mrs. Campbell for $5,000. The court said:
“ * * * The latter portion of the judgment in favor of Reverend Pond was obviously erroneous, since only Mrs. Pond suffered physical injuries in the accident.
“An application for a new trial was filed by defendants, alleging the above error in the judgment, as well as other grounds for same. Shortly after the application was filed, the judge signed an ex parte ‘Motion to Correct Clerical Error in Judgment,’ which substituted Mrs. Ruby Pond’s name for that of Reverend Pond in the erroneous part of the judgment. Subsequently, the application for a new trial was denied, and defendants perfected these appeals.” 198 So.2d at 701.
The court held:
“Appellants also object to that part of the judgment which gives an award of $5,000.00 to Reverend Pond, who was not injured in the accident, against Mr. and Mrs. Campbell. As pointed out above, this was an obvious error and the trial court recognized it as such when it amended the judgment ex parte to substitute Mrs. Pond’s name for that of her husband.
“However, the change made was one of substance and not one of calculation or the correction of a misspelling. Under the provisions of Article 1951 et seq., of the Code of Civil Procedure, the judgment could only be changed in that respect following the granting of a new trial or rehearing. * * * ” 198 So.2d at 702.
In citing the foregoing we do not necessarily mean that we agree that the only way a judgment can be changed is by “the granting of a new trial or rehearing.” We think the correction where the error is one *684 of substance can be made by any appropriate contradictory proceeding, as indicated in Shelly v. Dobbins, 31 La.Ann. 530 (1879).
In the Shelly case a suit was brought against Patrick Lyons and Michael Shelly; they were both cited and both answered. Judgment was rendered against “defendants Patrick Lyons and Michael Welsh in solido for $500.” Counsel for defendants appealed stating the names of the two defendants correctly in the motion, the order, and the appeal bond.
The Supreme Court concluded:
“Execution issued on the judgment of the district court. The writ is not in the transcript; but we suppose it was against Michael Shelly. At any rate, the sheriff seized the property of Shelly, alleged to be worth much more than $500. He enjoined on the ground that there was no judgment against him. The district court dissolved the injunction without damages ; and Michael Shelly appealed.
“It is manifest that the use of the name Michael Welsh, instead of Michael Shelly, was a mere clerical error in writing the judgment. Welsh was not a party to the suit; but Shelly was. The injunction bond, the petition, the citation, the answer, the motion and order of appeal, and the two appeal bonds, show conclusively that the person condemned was Michael Shelly. The district court has the right and the power to correct the judgment, at any time, on motion, contradictorily, by substituting the name of the party condemned, Michael Shelly, for that of Michael Welsh, who was an entire stranger to the proceeding.
“An execution could not issue against Michael Shelly, on a judgment against Michael Welsh. The writ must conform to the judgment; and, until the name of Michael Shelly has been substituted for that of Michael Welsh, by proper proceeding and entry on the minutes, the judgment cannot be enforced against Michael Shelly.
“The record furnishes no proof that this clerical error has been corrected. The injunction should have been maintained, with a reservation of the right of Dobbins to have the judgment corrected.” 31 La.Ann. at 531. (Emphasis added.)
That decision was under article 547 of the Code of Practice, which read as follows:
“Judgments may be amended by the court, until after having been signed, in order.
1. To alter the phraseology of the judgment, but not its substance;
2. To correct errors of calculation, as for instance, if more have been given than was demanded, or if the party in favor of whom the judgment was given had been ordered to pay the costs.
“Except in the cases above provided, courts can not alter their judgments; but they may, ex officio, direct a new trial in order to revise their judgments.”
The redactors of the Code of Civil Procedure apparently had no intention to change the effect of the law by the adoption of article 1951 as reflected by their comments thereunder as follows:
“(a) This article is a combination of the source provisions. In order to obviate any danger of disturbing the body of jurisprudence defining the ‘nonsub-stantiaF changes which may be made to a judgment under Art. 547 of the Code of Practice of 1870, the language of the source article was retained, excluding, however, the illustrative language.
“(b) The inclusion of the federal language ‘at any time’ does not work a radical change in the Louisiana law, in view of the holding of the court in the case of Glen Falls Indemnity Co. v. Manning, 168 So. 787 (La.App.1936), to *685 the effect that a judgment may be amended by the court even after signature, where the amendment takes nothing from or adds nothing to the original judgment.”
The reference to Glen Falls Indemnity Co. v. Manning, supra, was made to point out that the courts have not hesitated to amend judgments after they have been signed, notwithstanding the limitation of time for amending previously imposed by C.P. art. 547.
The Supreme Court said in the Shelly case that there could be no execution of judgment against Shelly since the judgment named Welsh instead, even though it was clearly an error. For the same reason the default judgment of May 22, 1967, could not support an execution by writ of fieri facias against Mary.
A reading of the judgment of May 22, which was rendered, signed and filed under the caption “Houston Oil Field Material Co., Inc. vs Pioneer Oil & Gas Co., Inc., et als,” clearly indicates that it was intended to be against more than one defendant, by the use of the plural and the words “in solido,” but it would be utterly impossible for any person to identify the “et als,” whether one or more, from a mere reading of the judgment. A fieri facias based on such judgment could not direct the seizure of property belonging to anyone other than Pioneer Oil & Gas Company. The omission is one of substance and not phraseology nor an error of calculation.
As was pointed out in Shelly the error is perfectly obvious to one who has the record of proceedings before him. It is our opinion, however, that for a judgment to constitute a valid legal mortgage or to be the basis of execution against a particular defendant, the defendant must be clearly identifiable on the face of the judgment itself without resort to examination of the proceedings from which it emanated. We must differ with the trial judge who said in his written reasons for judgment: “This was the mere clerical omission of the name of an obvious party.” It was an obvious omission to be sure, but the identity of the party omitted was certainly not obvious and could not possibly be known from anything appearing on the face of the judgment, or by its caption.
The plaintiff should have the right to have his judgment corrected, as in Shelly, but he must do so contradictorily.
Since we hold the error of omission of the words “and James R. Mary” to be substantive, the attempted correction of November 20, 1962, by ex parte motion and order was invalid and it cannot be the basis for issuance of writ of fieri facias against the defendant Mary.
The default judgment of May 22 is a valid judgment against Pioneer Oil & Gas Co., Inc., for the full amount set forth, the delay for appeal having long since expired. There may be some question as to whether the note sued upon is a joint or solidary obligation, but this is a question which we are not called upon to determine as to the defendant Mary, since it is no judgment at all as to him and his rights are not prejudiced by his failure to appeal.
We must concede that the opinion of our predecessor court in Glen Falls Indemnity Co. v. Manning, supra, written by McCaleb, J., now Justice McCaleb of the Supreme Court, has caused us to consider very carefully some of the views herein expressed. We are of the opinion however that the significance of that case is limited to its interpretation of certain aspects of the then existing article 547 of the Code of Practice. In particular the thrust of that decision is toward the recognition of the right of the trial judge to make certain nonsubstantive changes in a judgment even after it has been signed, in spite of the limitation of that article.
*686 There are certain implications in the opinion regarding what is or is not a substantive change in a certain situation with which we find ourselves in disagreement. However since those implications do not affect the main point of that case, we do not find it to be in conflict with the rationale of our opinion here.
The appellant seeks the recovery of damages and attorney’s fees on account of the illegal issuance of writ of fieri facias and the seizure of his property. It is apparent from a reading of the record before us that appellant has been subjected to many rules to examine judgment debtor and one writ of garnishment directed to his debtor James R. Pertuit who answered admitting that he was indebted unto appellant in the sum of $400. We fail to find any evidence in the record to indicate if this amount was lost by appellant. There is no judgment against the garnishee in the record and no evidence whatever touching on this matter or any other alleged damage. However, since appellant’s petition was dismissed below and he has not had his day in court on the issue of damages and attorney’s fees his rights should be reserved pending trial on the merits.
It is our opinion that the judgment maintaining the-exception of vagueness is correct but that appellant should be granted leave to amend. LSA-C.C.P. art. 933.
For these reasons the judgment appealed from maintaining the exceptions and dismissing the petition of James R. Mary at his cost is annulled and set aside and the case is now ordered remanded to the trial court for further proceedings consistent with the views herein expressed.
Cost of this appeal shall be paid by the appellee. All other costs are to await final judgment.
Judgment annulled; case remanded.