REDMANN, Judge.
On a previous appeal in this suit on a promissory note, La.App., 211 So.2d 681, *537 we annulled and set aside a judgment against the present appellant, James R. Mary, because the original default judgment on the note had been amended on ex parte motion to add Mary’s name. We held that the attempted correction could not be accomplished by ex parte motion since the change was one of substance; LSA-C.C.P. art. 1951.
This appeal requires us to review our then obiter dictum that “the correction where the error is one of substance can be made by any appropriate contradictory proceeding * * 211 So.2d at 683-684.
The issue now is whether the substance of a judgment can be changed after the delays both for a new trial, C.C.P. art. 1974, and for an appeal, art. 2087, have passed, and the judgment has become final.
On October 11, 1968, after our earlier decision, plaintiff filed a rule to show cause why the original default judgment of May 22, 1962 should not be corrected. This rule was served on appellant. After hearing (about which there exists dispute unnecessary to relate) judgment was signed on December 18, 1968, correcting and amending the original 1962 default judgment by adding the name of appellant as a party cast.
Informed by the sheriff of Lafayette parish, appellant’s domicile, that neither personal nor domiciliary service upon appellant of the notice of the amended judgment could be effected in spite of diligent effort, plaintiff caused the appointment of a curator ad hoc upon whom the notice was served on January 27, 1969. On March 11, 1969, no appeal from the amended judgment having been taken, plaintiff caused the issuance of fi. fa. and subsequently the seizure by the Lafayette sheriff of appellant’s automobile and the contents of his residence.
On March 26, 1969, appellant filed a petition for nullity of the amended judgment, and for injunction against the seizure, and for damages. The seizure was later released by plaintiff pending the outcome of this litigation.
On June 13, 1969, there was rendered judgment refusing preliminary injunction, and from that judgment the present appeal was taken.
After argument on this appeal, appellant’s brief was returned to him as viola-tive of Uniform Rules, Courts of Appeal, Rule IX, § 6, by the Court en Banc (Do-mengeaux, J., absent), with Samuel and Redmann, JJ., dissenting, although joining in disapproving the brief. Appellant was afforded time to file a substitute brief but did not do so.
The original default judgment of May 22, 1962 was rendered “in favor of the plaintiff, Houston Oil Field Material Co., Inc., and against the defendants, Pioneer Oil and Gas Co., Inc., in solido * * The correcting judgment of December 18, 1968 inserted the words “and James R. Mary” before the words “in solido”.
Our previous suggestion obiter that a correction which changes the substance of a final judgment might be made by a contradictory motion was based primarily on Shelly v. Dobbins, 31 La.Ann. 530 (1879).
In Shelly, the issue before the court was only whether or not a judgment against “Michael Welsh” was enforceable against the intended defendant, Michael Shelly. Holding it was not, the court enjoined its execution against him.
The court did state obiter that the error could be corrected “at any time, on motion, contradictorily * * But the court described the mistaken name in the judgment as a “mere clerical error”. (The court also pointed out that Shelly had, by an earlier appeal, sought relief from the judgment as an aggrieved party.)
Shelly was relied on to some extent in Succession of Corrigan, 42 La.Ann. 65, 7 So. 74 (1890), which held a partition judgment against “Stephen Ryan” was a valid judgment against the actual defendant, *538 Thomas Ryan (who had allowed it to be executed by partition sale although he apparently had notice of the judgment). The error had been corrected on rule after the partition sale, but the court said this was superfluous since the original judgment was good against Thomas Ryan, and it was unnecessary to correct “the clerical error”.
Thus in both Shelly and Corrigan the court itself considered the defects as mere clerical errors. Our review of the jurisprudence convinces us that the determinative question in a case of attempted correction of a final judgment is whether the defect is “of substance” or “a mere clerical error”.
This view is stated in Baptiste v. Southall, 157 La. 333, 102 So. 420 (1924). Holding the correction there not a substantial or material change, the court opined
“ * * * the courts of this state have held that a clerical error in the name of the defendant may be corrected. Shelly v. Dobbins, 31 La.Ann. 530; Succession of Julia Corrigan, 42 La.Ann. 65, 7 So. 74.
“Where the ends of justice demand it the decree may be modified * * *, but it is the unbroken rule that no substantial change in the judgment can be made under the pretense of interpretation. [Factors’ & Traders’] Insurance Co. v. Harbor Protection Co., 39 La. Ann. 583, 2 So. 407.” 102 So. at 421.
In the matter now before us, this court has already held, on the earlier appeal, that the addition of appellant’s name to the original default judgment constitutes a material and substantial change in that judgment, long after the time for application for new trial and appeal had passed. We conclude now that the trial court was without authority to so amend the judgment, even contradictorily, after the delay for applying for a new trial had expired.
When no appeal has been taken within the delay allowed, a judgment becomes final. Allen v. Commercial National Bank in Shreveport, 243 La. 840, 147 So.2d 865, 867 (1962), reviewed some of our jurisprudence:
“ * * * A judgment is a fiat of a court settling the rights of the parties, and however unjust, erroneous, or illegal the settlement may be, the parties can only claim under it that which, by its terms, the judgment awards. Schulhoefer v. City of New Orleans, 40 La.Ann. 512, 4 So. 494. * * * If changes therein are warranted, such may and must be effected before its finality, for which ways and means are provided. Lacaze v. Hardee, La.App., 7 So.2d 719. A judgment in the true sense is the final determination of the rights of the parties in an action. Lacour Plantation Co. v. Jewell, 186 La. 1055, 173 So. 761. A final judgment is definitive when it has acquired the authority of the thing adjudged. LSA-Code of Civil Procedure, Art. 1842. Matters once determined by a court of competent jurisdiction, if the judgment has become final, can never again be called into question by the parties or their privies though the judgment may have been erroneous and liable to certain reversal on appeal. Heroman v. Louisiana Institute of Deaf and Dumb, 34 La.Ann. 805; Fouchaux v. Board of Commissioners, La.App., 65 So.2d 430. A judgment is final as to a party taking no appeal. Anderson v. Legrande, La.App., 140 So. 269; Landis & Young v. Gossett & Winn., La.App., 178 So. 760.”
See also McGee v. McGee, 157 So.2d 312 (La.App.1963); Burnett v. Burnett, 170 So.2d 404 (La.App.1965); O’Niell v. Sonnier, 195 So.2d 724 (La.App.1967); Pond v. Campbell, 198 So.2d 700 (La.App.1967) (aff’d 251 La. 921, 207 So.2d 535 (1968), on writ limited to another question) ; Consolidated Credit Corp. of Baton Rouge, Inc., v. Forkner, 219 So.2d 213 (La.App.1969). The jurisprudence appears uniform that in the absence of an earlier request, a trial court cannot alter the sub *539 stance of its judgment after the time for application for a new trial, and no court can alter the substance after the time for appeal.
As long ago as 1812 a final judgment which made no mention of a particular demand was held a rejection of that demand, and res judicata; Delahaye v. Pellerin, 2 Mart. 142 (La.).
In Succession of Anderson, 33 La.Ann. 581, 584 (1881), dismissing a rule seeking to collect interest on a judgment not providing it, the court reasoned:
“If the plaintiff in rule is holder of a judgment which unjustly denies to, and withholds from, him, his legal right, it is a misfortune which might have been repaired before that judgment became final, but which is now past remedy.”
See also Saul v. His Creditors, 7 Mart. (N.S.) 425 (La.1829); State ex rel. Unbehagen v. Nephler, 35 La.Ann. 365 (1883); Villars v. Faivre, 36 La.Ann. 398 (1884); State ex rel. Sehrt v. Registrar [Register] of Conveyances, 14 La.App. 30, 129 So. 197 (La.App.1930).
In the last case, at 129 So. 197, our predecessor court observed:
“The question presented for our consideration is whether a definitive judgment may be amended by rule so as to condemn a party defendant who, by inadvertence, was not cast in the original judgment. Our answer must be in the negative. The effect of the silence of a judgment with respect to one of two defendants is equivalent to the rejection of plaintiff’s demand as to that defendant. * * * »
The judgment appealed from is reversed and it is now ordered that there be judgment in favor of appellant, James R. Mary, and against appellee, Houston Oil Field Material Company, preliminarily enjoining execution against appellant of the judgment of May 22, 1962 as corrected by judgment of December 18, 1968, and for costs of this appeal; and this matter is remanded for further proceedings not inconsistent with this opinion; all other costs to await final determination.
Reversed and remanded.