PRICE, Judge.
We granted writs of certiorari, prohibition and mandamus in the instant suit to determine the validity of an amended judgment.
Applicant, William E. Wilson, obtained a judgment by default against B. J. S. Builders, Inc., on August 21, 1974 for the sum of $26,416.41. This judgment recognized and maintained a lien and privilege against the property and improvements described as Tract A, Map of Survey for Milton Hamel in Section 9, Township 17 North, Range 13 West, Caddo Parish.
In his application to this Court for exercise of our supervisory jurisdiction, Wilson shows this judgment was amended by the trial court on September 11, 1974, by an ex parte proceeding at the request of Centennial Homes, Inc., the owner of the property, to delete the recognition of Wil-F , ,. .... son s lien and privilege.
From an examination of the record now before us, it is apparent Centennial Homes. Inc. was not made a party to the suit by Wilson seeking, a monetary judgment against B. J. S. Builders, Inc., and no prayer was made in Wilson’s petition for recognition of a lien on the property described in the judgment: It is, therefore, obvious the trial court was attempting to remove from the default judgment the reference to the lien and privilege which it considered to have been erroneously and improperly included.
Applicant contends the amended judgment is invalid in that it is a change of substance of the judgment in violation of Code of Civil Procedure Article 1951, which reads:
“A final judgment may be amended by the trial court at any time, with or without notice, on its own motion or on motion of any party: (1) To alter the phraseology of the judgment, but not the substance; or (2) To correct errors of calculation.” (emphasis supplied)
Under the jurisprudence interpreting this article we must necessarily conclude the change made was one of substance and could not be made by the Court on its own motion or in an ex parte proceeding. See Houston Oil Field Material Co. v. Pioneer Oil & Gas Co., 236 So.2d 536 (La.App. 4th Cir. 1970).
Even conceding the recognition of the lien on Centennial’s property was obviously invalid for the want of service and prayer for this relief, the amendment seeking to remove the recognition of the privilege from the judgment being substantive, must be accomplished by appropriate proceedings.
For the foregoing reasons, the judgment of September 11, 1974, purporting to *504 amend the prior judgment of August 21, 1974, in this cause is declared to be null and of no effect.
Costs relating to the exercise of supervisory jurisdiction in this Court are assessed against respondent, Centennial Homes, Inc.